AGNES McCUE, ADDRESSED AS TRANSFEREE OF THE ESTATE OF JOHN J. NOLAN, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 308. Promulgated April 20, 1943.

*Frederick L. Pearce, Esq.*, for the petitioner.
*R. C. Whitley, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner mailed a notice to Agnes McCue on September 28, 1942, in which he stated that she was liable

as a transferee for estate tax liability of the estate of John J. Nolan in the amount of $55,346.49. Agnes McCue filed a petition with this Court within 90 days of the receipt of that letter, contesting her liability as determined therein by the Commissioner. That is the proceeding at Docket No. 233. However, before she filed that petition, the Commissioner sent her another letter dated November 2, 1942, advising her of his determination that she was liable as a transferee for a deficiency in estate tax on the estate of John J. Nolan in the amount of $55,072.26. The reasons given by the Commissioner in this second letter were different in many important respects from the reasons and explanations given in the notice of September 28, 1942. The present proceeding is based upon the second letter.

The Commissioner has thus attempted to send out two notices of transferee liability addressed to the same person and relating to the same liability, despite the fact that after the mailing of the first notice the addressee filed a timely petition with this Court based upon the first notice. The petitioner has filed a motion in the present case contesting the validity of the letter of November 2, 1942, as a statutory notice of transferee liability. The parties have been heard on that motion and the respondent has interposed no objection to having this proceeding dismissed for lack of jurisdiction upon the ground that the Commissioner had no right under the law to send out a second notice of transferee liability. Furthermore, he has not cited any authority in support of his right to send out a second notice. The petitioner thinks that this proceeding ought to be dismissed for lack of jurisdiction.

The Commissioner is authorized to make a final determination in regard to any particular tax liability and to send a notice to the taxpayer or the transferee of that final determination. The recipient of a notice of final determination by the Commissioner has the right under the statute to file a petition with this Court within a limited time. Sec. 272 (a) (1), Internal Revenue Code. If the recipient files a proper petition with this Court within the time prescribed in the statute, then all questions relating to the tax liability are to be decided in that proceeding and no other proceeding may be instituted by either party.[1] Sec. 272, Internal Revenue Code; *Edward Michael*, 22 B. T. A. 639; cf. *Alice Wilson*, 23 B. T. A. 644; affd., 60 Fed. (2d) 501; *Gilbert B. Goff*, 18 B. T. A. 283. The final determination of the Commissioner as set forth in his notice of deficiency is presumed to be correct and the taxpayer has the burden of proof to overcome it in the proceeding before this Court. If later the Commissioner becomes convinced that the deficiency has been determined in too

---

[1] The Commissioner is permitted under certain circumstances to send out a second notice (section 272 (f)) but none of those circumstances is here present.

small or too large an amount or if he deems the grounds relied upon and set forth by him in his notice of deficiency erroneous or inadequate, his only remedy is to endeavor to straighten out those matters in the proceeding before this Court. He must, in that connection, assume the burdens, if any, that are cast upon him in that proceeding.

That the Commissioner is authorized to send out but one notice under the circumstances of this case is shown not only by the statute as a whole and the procedure which it provides, but it is specifically provided in subsection (f) of section 272. That section is entitled "Further Deficiency Letters Restricted." It provides, in part:

> If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect to the same taxable year * * *

The obvious purpose of this provision was to restrict the Commissioner if he "has mailed" a notice. The restriction begins with the mailing of the notice and not with the filing of a petition. This is clearly shown by the careful selection of tenses in the above provision. Congress has said, if the Commissioner "has mailed" a notice and the taxpayer "files" a petition within the time prescribed, the Commissioner shall have no right to determine another deficiency in respect to the same taxable year. If Congress had intended the restriction to begin only after a petition had been filed it undoubtedly would have used the past tense of the verb "to file" and it no doubt would have inserted other words in the provision to make this meaning clear. Thus, under this provision the Commissioner is restricted from sending out another notice of deficiency at least until it appears that the petitioner is not going to file a timely petition with this Court.

The Commissioner had no right to mail a second notice in this case and he is not entitled to the advantages which would accrue to him if his second letter had been a statutory notice. Cf. *Georgiana Mc-Fetridge*, 9 B. T. A. 759. Likewise, the second letter gave the petitioner no right under the statute to file a petition with this Court, since the jurisdiction of the Court depends upon the mailing of a proper notice. Sec. 272 (a) (1). Of course, it obtained jurisdiction in the proceeding at Docket No. 233 based upon the notice of September 28, 1942, which the Commissioner was authorized by statute to issue, and all of the rights of the parties can be properly litigated in that proceeding. The present proceeding must be dismissed for lack of jurisdiction.