KENNETH W. COLEMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coleman v. Commissioner
Docket No. 7558-83.
United States Tax Court
T.C. Memo 1985-282; 1985 Tax Ct. Memo LEXIS 352; 50 T.C.M. (CCH) 118; T.C.M. (RIA) 85282; June 12, 1985. Kenneth W. Coleman, pro se. Jonathan J. Ono, for the respondent. DRENNEN MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: In his notice of deficiency dated January 3, 1983 respondent determined deficiencies in petitioner's income tax and additions to tax for the years 1980 and 1981 as follows: Additions to Tax
Year
Deficiencies
6651(a) [1]
6653(a)
6654
1980
$9,583
$270
$479
1981
9,090
517
455
$24 The issues for decision are (1) whether wages received by petitioner during the taxable years 1980 and 1981 in the amounts of $35,685 and $33,809, respectively, were taxable income, (2) whether petitioner is liable for additions to tax in the amounts of $270 and $517 for the taxable years 1980 and 1981, respectively, for failing to file income tax returns in accordance with section 6651(a), (3) whether petitioner is liable for additions to tax in the amounts of $479 and $455 for the taxable years 1980 and 1981, respectively, due to negligence *354 or intentional disregard of rules and regulations pursuant to section 6653(a), and whether petitioner is liable for an addition to tax in the amount of $24 for the taxable year 1981 for underpayment of estimated tax pursuant to section 6654(a). Also involved is the issue raised by the Court on its own motion whether damages should be awarded to the United States under section 6673 because taxpayer instituted and maintained this proceeding primarily for delay or adopted a position herein based on frivolous or groundless arguments. Subsequent to the trial and the filing of briefs, petitioner filed a motion for summary judgment for lack of good faith on the part of respondent in issuing a second notice of deficiency to petitioner for the year 1981. Respondent did issue a second notice of deficiency to petitioner for the year 1981 on August 31, 1984, which was after the briefs were filed. This notice of deficiency contained all the same adjustments for 1981 as did the original notice, and the deficiencies were the same except the amounts of the additions to tax were not rounded out to the nearest dollar as were the additions to tax in the original notice. This notice of *355 deficiency was obviously issued by mistake and, being a second notice for the same taxable year, is invalid. Section 6212(c)(1); McCue v. Commissioner,1 T.C. 986 (1943). Respondent agrees that it is invalid. The issuance of the second, invalid notice of deficiency does not support petitioner's motion for summary judgment and it is denied. FINDINGS OF FACT Petitioner refused to execute and file a written stipulation of facts but the parties did stipulate orally (1) a copy of the notice of deficiency dated January 3, 1983, (2) that on the date the petition herein was filed petitioner, Kenneth W. Coleman, resided in Laughlin, Nevada, (3) that during the years 1980 and 1981 petitioner worked for the Suma Corporation at the Desert Inn Hotel in Las Vegas, Nevada, and (4) that during the years 1980 and 1981 petitioner received compensation for labor from the Desert Inn Hotel in the amounts of $34,685.49 and $33,808.83, respectively. In his petition petitioner simply alleged that the notice of deficiency is defective, that the IRS had purposefully failed to allow credit for moneys withheld from his earnings, and that the IRS was in error in claiming that petitioner *356 had not filed proper income tax returns for the years 1980 and 1981. At the trial petitioner was his only witness. In response to a question from counsel for respondent, petitioner admitted that he did not file Federal income tax returns for the years 1980 and 1981. He also testified that he was not a taxpayer "because he didn't pay tax" -- "because there's no law to say that I'm a taxpayer." He testified further that although he was a citizen of Nevada he was not a citizen of the United States. Petitioner also offered in evidence as an exhibit a binder about one inch think containing what petitioner refers to as his Administrative Law Record. It consists of page after page of finely printed form documents, with blanks typed in to identify them with petitioner, which bear headings such as Demands, Complaints, Affidavits, etc.They appear to be correspondence between petitioner and the Commissioner of Internal Revenue stating reasons why petitioner believes he is not a taxpayer, not subject to tax and not subject to the jurisdiction of the Internal Revenue Services. Respondent objected to the receipt of this exhibit in evidence on grounds of hearsay and relevancy and *357 that the documents are in attempt to go behind the statutory notice of deficiency. We received the exhibit in evidence, subject to respondent's motion to strike, in order to take some time to examine it. Having done so we find the exhibit contains no evidence but only arguments of so-called legal issues which are completely irrelevant to this proceeding. The proceedings in this Court are denovo and are determined on the evidence presented to this Court. We seldom go back of the notice of deficiency, Graham v. Commissioner,82 T.C. 299 (1984), and cases cited therein, and find no justification for doing so here. Petitioner seems to be arguing that the Internal Revenue Service only has jurisdiction over corporations and government employees and that since he was neither, the Internal Revenue Service could not determine a tax against him; when a Court is brought into this argument it acts only as a referee based on the record made in the administrative agency; thus we should accept his exhibit and decide this case on the basis thereof. The jurisdiction of this Court is to determine the correct tax liability of a taxpayer based on the evidence presented *358 to it under the law applicable thereto. Since the exhibit offered by petitioner has no bearing on that issue, it is irrelevant and respondent's motion to strike it is granted and it is deleted from the record. Petitioner filed an opening and a closing brief, both being quite extended. The argument in the opening brief were similar in tenor to the arguments made in the exhibit discussed above. The second brief was directed more to the present proceedings. However, it consists primarily of quotations usually taken out of context, with little or no explanation of how they relate to the issues before us. The constant theme seems to be that wages are not taxable income and therefore petitioner had no taxable income in the years before us. This conclusion is reached by interpreting the words "from whatever source derived," appearing in the 16th Amendment to the United States Constitution and section 61(a) of the Code, to mean that the income tax is imposed on the income derived from a "source" and not on the "source" itself, and that the two provisions simply define the source from which taxable income in the form of "gain," "profit," or "increase" can be derived. If wages *359 are received and invested then petitioner would recognize the return on the investment as taxable income. In other words the wages are simply a source of taxable income but are not taxable income per se. This somewhat sophisticated argument simply ignores that the 16th Amendment authorizes a tax on "income" and section 61(a) defines gross income to include "compensation for services." This and many other Courts have held repeatedly that wages are taxable income, Eisner v. Macomber,252 U.S. 189 (1920); Brushaber v. Union Pacific Railroad Co.,240 U.S. 1; Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein; and we so conclude here. A statement made in the opinion of the Court of Appeals for the 9th Circuit in United States v. Romero,640 F. 2d 1014, 1016 (1981), is particularly appropriate here: "Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to income tax laws currently applicable. We recognize that the tax *360 laws bear heavily on all persons engaged in gainful activity, and recognize the right of a taxpayer to minimize his taxes by all lawful means. But [the taxpayer] here is not attempting to minimize his taxes; instead he is attempting willfully and intentionally to shift his burden to his fellow workers by the use of semantics. He seems to have been inspired by various tax protesting groups across the land who postulate wierd and illogical theories of tax avoidance, all to the detriment of the commonwealth and of themselves." We hold for respondent on this issue. Petitioner has the burden of proving that respondent's determination of the three additions here involved were erroneous. Enoch v. Commissioner,57 T.C. 781, 802-803 (1972). Petitioner offered no evidence on these issues so we must decide them in favor of respondent. Although petitioner's argument is somewhat sophisticated it is nonetheless frivolous. The bottom line conclusion that wages are taxable income has been on the books too long for petitioner to seriously think that his far fetched arguments would change the result. That, plus the attempt to rehash his administrative arguments with the *361 Commissioner in this Court, convinces us that he instituted and maintained this proceeding primarily for delay. Consequently, damages in the amount of $4,000 are awarded to the United States under section 6673. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩