COMPUTERVISION CORPORATION, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Computervision Corp. v. Commissioner
Docket No. 17527-88
United States Tax Court
T.C. Memo 1992-424; 1992 Tax Ct. Memo LEXIS 443; 64 T.C.M. (CCH) 281; July 27, 1992, Filed *443 As appropriate order will be issued. In connection with a computation filed under Rule 155, Tax Court Rules of Practice and Procedure, R filed a motion for leave to file amendment to answer in order to disallow a foreign tax credit carryback "tentatively" allowed in the deficiency notice. Held, R's motion for leave to file amendment to answer is denied. For Petitioner: John S. Brown. For Respondent: Charles W. Maurer, Jr., and David N. Brodsky. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on respondent's motion for leave to file amendment to answer. (All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) Background
This case was originally submitted fully stipulated for the resolution of three issues. Each of the issues concerned the proper amount of commissions payable from petitioner to its wholly owned subsidiary, a domestic international sales corporation (DISC), for the taxable year 1981. Our Opinion resolved one of the issues in favor of petitioner and the remaining two issues in favor of respondent. Computervision Corporation v. Commissioner, 96 T.C. 652 (1991). *444 The parties were thereafter directed to file computations for entry of decision under Rule 155. In preparing computations, respondent discovered that the notice of deficiency erroneously treated as a "tentative" allowance a foreign tax credit carryback from the taxable year 1983 arising from a net operating loss for the taxable year 1985. To correct this error, respondent filed a motion for leave to file amendment to answer and lodged an amendment to answer with the Court. Petitioner filed an objection. The parties do not dispute the material facts concerning the foreign tax credit carryback in question. Petitioner reported a foreign tax credit, an investment credit, a jobs credit, and a research credit in its original corporate income tax return for the taxable year 1981. Subsequently, petitioner filed a corporation application for tentative refund (Form 1139) pursuant to section 6411 reporting a decrease in tax for the taxable years 1979, 1980, and 1981 as the result of credit carrybacks arising from a net operating loss (NOL) occurring in 1985. Specifically, the Form 1139 claimed carrybacks for investment credit, jobs credit, research credit, and employee stock ownership *445 plan (ESOP) credit in a total amount of $ 9,485,855, an increase from the Form 1120 of $ 7,039,311. In response to the Form 1139, petitioner received a tentative refund for the taxable year 1981 in the amount of $ 7,039,311. The NOL carryback also caused foreign tax credits previously claimed on petitioner's return for 1983 to become available for carryback to 1981. Thereafter, petitioner filed an amended corporate income tax return (Form 1120X) for 1981 claiming a refund in the amount of $ 960,661 based upon an overpayment arising from the foreign tax credit carryback. Respondent subsequently issued a deficiency notice to petitioner for the taxable year 1981. The computation of the deficiency contained in the notice reflects that the foreign tax credit carryback, as well as an investment tax credit (lumped together with the ESOP credit), a jobs credit, and a research credit were tentatively allowed as credits in arriving at petitioner's total corrected income tax liability. The deficiency notice states in pertinent part: "The tentative allowance of these credits is subject to change as a result of examination of the returns of the loss and unused credit years." In the deficiency *446 notice, the credits listed in the Form 1139 (generating the $ 7,039,311 refund) were applied to reduce the amount of the total tax shown on the return or as adjusted, thereby effectively eliminating those items as factors in the computation of the deficiency. The overpayment claimed on the Form 1120X was not, however, refunded, so the effect of the erroneous tentative allowance was a reduction in petitioner's income tax as determined in the deficiency notice. Respondent at some later point examined petitioner's return for 1983 and proposed to disallow at least a portion of the foreign tax credit claimed for that year, which, in turn, would affect the foreign tax credit "tentatively" allowed in the 1981 deficiency notice. This action apparently did not come to the attention of counsel for respondent while the case was pending before the Court on the merits and before our Opinion was rendered. Respondent now seeks to amend his answer by excluding the foreign tax credit from the deficiency computation, thereby increasing the deficiency by the amount of the credit. Petitioner does not agree. Discussion
Section 6411 sets forth the procedures that a taxpayer may follow to obtain *447 a "quick refund" of an overpayment of tax arising from the carryback of specified loss and credit items. Pesch v. Commissioner, 78 T.C. 100, 113-114 (1982). More specifically, during the period in question, section 6411(a) provided that in lieu of filing an amended return, a corporation entitled to a credit or refund as the consequence of the carryback of a net operating loss, an investment tax credit, a jobs credit, a research credit or an ESOP credit carryback would be permitted to file an application for tentative refund on Form 1139. Significantly, section 6411(a) does not apply to the carryback of a foreign tax credit. Respondent readily concedes that foreign tax credits are not eligible for tentative allowance treatment pursuant to section 6411 and that the deficiency notice is in error in this regard. See Rev. Rul. 82-154, 1982-2 C.B. 394. Respondent nonetheless contends that the pending motion for leave to file amendment to answer should be granted on the grounds that: (1) The tentative allowance of the foreign tax credit carryback in the deficiency notice does not represent a final determination that such item is allowable; *448 and (2) the erroneous treatment of the foreign tax credit carryback is the equivalent of a mathematical error which may be corrected under Rule 155. Petitioner counters that by virtue of respondent's allowance of the foreign tax credit carryback in the deficiency notice (tentative or otherwise), respondent was obligated to timely raise an issue respecting that item if respondent intended to contest it. Petitioner further asserts that under Rule 142(a) respondent has the burden of proving any increased deficiency resulting from the disallowance of the foreign tax credit carryback at this time. Petitioner concludes that respondent's motion for leave to file amendment to petition should be denied on the grounds that: (1) Respondent did not raise the issue of the disallowance of the credit in a timely manner; and (2) there is no evidence in the record to support respondent's position. We stated in McCue v. Commissioner, 1 T.C. 986, 987-988 (1943), that: The Commissioner is authorized to make a final determination in regard to any particular tax liability and to send a notice to the taxpayer or the transferee of that final determination. * * * If the recipient *449 files a proper petition with this Court within the time prescribed in the statute, then all questions relating to the tax liability are to be decided in that proceeding and no other proceeding may be instituted by either party. * * * The final determination of the Commissioner as set forth in his notice of deficiency is presumed to be correct and the taxpayer has the burden of proof to overcome it in the proceeding before this Court. If later the Commissioner becomes convinced that the deficiency has been determined in too small or too large an amount or if he deems the grounds relied upon and set forth by him in his notice of deficiency erroneous or inadequate, his only remedy is to endeavor to straighten out those matters in the proceeding before this Court. He must, in that connection, assume the burdens, if any, that are cast upon him in that proceeding. [Fn. ref. and citations omitted.] Consistent with the foregoing, it is incumbent upon the parties that they timely advise the Court of those issues relating to the taxpayer's liability that will be contested in the proceeding. Section 6411 stands in contrast to the general rule (see McCue v. Commissioner, supra at 987-988) *450 that all questions relating to a particular taxable year are to be decided in a single proceeding before this Court. In particular, if upon audit respondent determines that the tentative allowance of a carryback adjustment under section 6411 was erroneous, respondent may either bring a suit for an erroneous refund, assess the item as a mathematical error for the year to which the tentative carryback adjustment was applied, or issue a deficiency notice to the taxpayer with respect to the item. See Midland Mortgage Co. v. Commissioner, 73 T.C. 902, 905-906 (1980). Respondent has failed to persuade us that the erroneous treatment of the foreign tax credit carryback in the deficiency notice was other than a final determination. Simply stated, that particular item does not qualify for tentative allowance treatment under section 6411. The foreign tax credit in question was not claimed by petitioner on its 1981 return, but as noted was claimed as an overpayment giving rise to a refund by means of petitioner's Form 1120X. Since the Form 1120X was not petitioner's "return", see sec. 6012(a)(2), respondent could simply have disregarded the claim had she chosen to do *451 so, and in order to pursue the matter, petitioner would have had to plead an overpayment in the petition. See sec. 6512(b). But for whatever reason, respondent dealt with the claim in the deficiency notice in the form of the so-called tentative allowance of a foreign tax credit carryback. Having done so, and later having had second thoughts about the correctness of this action, respondent's appropriate action would have been a timely affirmative pleading seeking to disallow the previously allowed foreign tax credit. Respondent's present attempt to take this action is not timely. Furthermore, had the matter been properly pleaded in a timely manner by respondent, she would also have been required to place facts in evidence to support her position, since Rule 142(a) places the burden of proof upon respondent as to any new matter, increases in deficiency, and affirmative defenses pleaded in the answer. And petitioner, of course, would have been afforded the opportunity to rebut such proof. Were we now to grant respondent's motion to amend, we would likewise be required to reopen the record to receive new evidence pertaining to the foreign tax credit carryback. We think such action *452 would be inappropriate at this point, and we decline to take it. Nor can we agree with respondent that the erroneous treatment of the foreign tax credit carryback should be characterized as a mathematical error. The item is not a "mathematical error" as that term is defined in section 6213(g)(2). Further, while an erroneous tentative allowance of a carryback adjustment under section 6411 may be corrected pursuant to section 6213(b)(3) by assessing the excess as a deficiency as if it were due to a mathematical error appearing on the return, there is no basis in the law for applying that particular remedy where section 6411 makes no provision for the tentative allowance of any item not specifically provided for in that section. Rule 41(a) allows an amendment of the pleadings "when justice so requires." In deciding whether to grant such a motion, we consider whether the opposing party will be unduly surprised or subjected to a substantial disadvantage. Estate of Horvath v. Commissioner, 59 T.C. 551, 555 (1973). Our Rules of pleading dictate that the taxpayer is entitled to notice of the grounds upon which respondent's deficiency determination is based. As a *453 general rule, such notice may be provided in the notice of deficiency or in respondent's answer. See Rules 31(a) and 36(b); Nat Harrison Associates, Inc. v. Commissioner, 42 T.C. 601, 617 (1964). If respondent raises a new matter at such a late date that fair play and justice would be offended by permitting respondent to rely on the new matter, then respondent will not be heard. Achiro v. Commissioner, 77 T.C. 881, 891 (1981). It may further be said that this principle is also intended to facilitate orderly litigation and to promote judicial economy by discouraging piecemeal litigation. For the foregoing reasons, respondent's motion will be denied. An appropriate order will be issued.