T.C. Memo. 1997-465


UNITED STATES TAX COURT


LONE STAR LIFE INSURANCE COMPANY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 14781-96, 5898-97.  Filed October 14, 1997.


<u>Eleftherios Peter Baker</u>, for petitioner.

<u>Avery Cousins III</u> and <u>Anthony S. Gasaway</u>, for respondent.


MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  The case assigned
docket No. 14781-96 is before the Court on respondent's Motion
for Partial Summary Judgment and petitioner's Cross-Motion for
Summary Judgment.  The issue to be decided is whether the period
of limitations expired prior to the issuance of the notice of
deficiency.

The case assigned docket No. 5898-97 is before the Court on
petitioner's Motion to Dismiss for Lack of Jurisdiction on the

ground that the notice of deficiency underlying the petition constitutes an improper second notice of deficiency under section 6212(c).[1]

Background[2]

During the taxable years 1988 through 1991, Lone Star Life Insurance Co. was a wholly owned subsidiary of Hibiscus Life Insurance Co. (Hibiscus). Hibiscus timely filed consolidated Federal income tax returns, Forms 1120L, pursuant to section 1501 for the taxable years 1988, 1989, 1990, and 1991 on September 14, 1989, September 17, 1990, September 16, 1991, and September 14, 1992, respectively.[3]

During the years in issue, Hibiscus and petitioner shared common corporate officers as well as the same mailing address. In particular, Jerry Marshall served as controller for Hibiscus and vice president and controller for petitioner, while Gary Powers served as treasurer for Hibiscus and vice president (finance and treasurer) for petitioner.

Revenue Agent Anita Kate Barrett conducted an examination of Hibiscus' consolidated tax returns for the taxable years 1988

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The following is a summary of the relevant facts that do not appear to be in dispute; they are stated solely for purposes of deciding the pending motion and are not findings of fact for these cases.

[3] During the years in issue, petitioner was Hibiscus' sole subsidiary.

through 1991 to determine whether it was appropriate to include petitioner within the Hibiscus consolidated group. Hibiscus and petitioner have consistently argued throughout the examination period and in these proceedings that petitioner was properly included in the Hibiscus consolidated group during the years in issue.

Forms 872

In February 1992, during the course of the examination, Revenue Agent Barrett requested that Hibiscus and petitioner execute separate Forms 872, Consent to Extend the Time to Assess Tax, for the taxable year 1988. However, petitioner's representatives refused to execute a separate Form 872 out of concern that respondent might attempt to use the document as evidence that petitioner should not be included in the Hibiscus consolidated group. Instead, Hibiscus' representatives executed a series of Forms 872 that served to extend the period of assessment for the years in issue to December 31, 1996. Each of the Forms 872 in question identifies the taxpayer as "Hibiscus Life Insurance Co. and Subsidiary". The following schedule shows the taxable year, the date executed, and the expiration date for each of the Forms 872 executed on behalf of Hibiscus:

| Year | Date Executed | Expiration Date |
|------|---------------|-----------------|
| 1988 | 1/27/92 | 9/30/93 |
| 1988-89 | 7/1/93 | 6/30/94 |
| 1988-90 | 11/11/93 | 12/31/94 |
| 1988-90 | 11/1/94 | 12/31/95 |

| 1988-91 | 5/19/95 | 6/30/96 |
| 1988-91 | 1/22/96 | 12/31/96 |

Forms 2848

On April 12, 1993, Gary Powers executed Form 2848, Power of Attorney and Declaration of Representative, identifying the taxpayer as "Hibiscus Life Insurance Co. & Subsidiary" and appointing David L. Veeder and John K. Cassil as Hibiscus' attorneys in fact for the taxable years 1989 and 1990. On July 20, 1993, Gary Powers executed separate Forms 2848 for Hibiscus and petitioner appointing Messrs. Veeder and Cassil as Hibiscus' and petitioner's attorneys in fact for the taxable year 1991. On September 20, 1993, Gary Powers executed Form 2848, identifying the taxpayer as "Hibiscus Life Insurance Co. & Subsidiary", appointing Messrs. Veeder and Cassil as Hibiscus' attorneys in fact for the taxable year 1988.[4]

30-Day Letters

On April 12, 1993, the District Director issued separate 30-day letters to Hibiscus and petitioner (along with separate revenue agent reports (RAR's)) proposing adjustments to their respective tax liabilities for 1988, 1989, and 1990 on the ground that Hibiscus and petitioner were not entitled to file

---

[4] Gary Powers executed the Forms 872 that were executed on Jan. 27, 1992, and July 1, 1993, and David L. Veeder executed the remainder. Gary Powers testified at the hearing of this matter that in executing the Forms 872, he intended to extend the period of limitations for the Hibiscus consolidated group.

consolidated tax returns for the years 1988 through 1990. On or about the same date, the District Director issued separate 30-day letters and RAR's to Hibiscus and petitioner proposing similar adjustments to their respective tax liabilities for 1991. The RAR's included computations reflecting each entity's corrected taxable income for each of the years in issue computed on a separate tax return basis. In particular, respondent proposed to determine overpayments with respect to Hibiscus' separate tax liabilities for 1988 through 1991 and deficiencies with respect to petitioner's separate tax liabilities for the same periods. Hibiscus and petitioner filed a joint administrative protest with respect to the proposed adjustments.

First Notice of Deficiency

On April 11, 1996, respondent issued a notice of deficiency to petitioner determining deficiencies in its Federal income taxes for the years and in the amounts as follows:

| Year | Deficiency |
|------|------------|
| 1988 | $397,397 |
| 1989 | 2,941,341 |
| 1990 | 4,591,998 |
| 1991 | 5,658,976 |

The notice of deficiency includes an explanation of adjustments which states in pertinent part:

It is determined that Hibiscus Life Insurance Company does not qualify as an insurance company under I.R.C. sec. 816 because not more than half of its business during the years in question was the issuing of insurance or annuity contracts or the reinsuring of

> risks underwritten by insurance companies.
> Accordingly, Lone Star Life Insurance Company and
> Hibiscus Life Insurance Company may not file
> consolidated returns.
>
> It is determined that reinsurance agreements
> between Hibiscus Life Insurance Company and Lone Star
> Life Insurance Company have significant tax avoidance
> effect.  This effect is eliminated by disallowing
> Hibiscus's reserves associated with the reinsurance
> agreements pursuant to I.R.C. sec. 845.  As a result of
> the disallowance Hibiscus has no reserves and fails to
> qualify as an insurance company under I.R.C. sec. 816.
> Accordingly, Lone Star Life Insurance Company and
> Hibiscus Life Insurance Company may not file
> consolidated returns.

Prior to April 18, 1996, Hibiscus received constructive and actual notice of the notice of deficiency issued to petitioner.

Petitioner filed a timely petition for redetermination with the Court contesting the notice of deficiency.[5]  The petition includes an allegation that the notice of deficiency was issued to petitioner after the expiration of the period of limitations. Respondent filed an answer to the petition denying that the period of limitations had expired in this case by virtue of the Forms 872 that Revenue Agent Barrett obtained during the examination.  Petitioner in turn filed a reply to respondent's answer asserting that, as a consequence of respondent's direct dealing with petitioner during the examination process, the Forms 872 executed by Hibiscus were ineffective to extend the period of limitations applicable to petitioner.  As indicated, the parties'

---

[5]  At the time the petition was filed, petitioner maintained its principal place of business at Dallas, Texas.

dispute respecting the applicability of the period of limitations is the subject of the parties' cross-motions for summary judgment filed in docket No. 14781-96.

Second Notice of Deficiency

By letter dated December 13, 1996, respondent notified Hibiscus that respondent would deal directly with petitioner respecting the latter's tax liabilities for the years 1988, 1989, 1990, and 1991.  In addition, on December 30, 1996, respondent issued a further notice of deficiency to petitioner determining deficiencies in petitioner's Federal income taxes for the years and in the amounts as follows:

| Year | Deficiency |
|------|-----------|
| 1989 | $2,932,321 |
| 1990 | 4,591,187 |
| 1991 | 5,658,791 |

Petitioner filed a timely petition for redetermination (assigned docket No. 5898-97) with respect to the second notice of deficiency.  Shortly thereafter, however, petitioner filed a motion to dismiss for lack of jurisdiction asserting that the December 30, 1996, notice of deficiency constitutes an improper second notice under section 6212(c).  Respondent filed a response to petitioner's motion to dismiss stating that the December 30, 1996, notice of deficiency was issued as a protective measure out of concern that the Court might hold the April 11, 1996, notice of deficiency to be invalid on the basis of respondent's failure

to provide Hibiscus with advance, formal notice that respondent had elected to treat petitioner as having separate filing status.[6]

The parties' motions were called for hearing at the Court's motions session in Washington, D.C.  Counsel for both parties appeared at the hearing and presented argument with respect to the pending motions.  Subsequent to the hearing, petitioner filed a further written statement with the Court, to which respondent filed a response.

Discussion

1. Period of Limitations

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988);

---

[6] Respondent cites INI, Inc. v. Commissioner, T.C. Memo. 1995-112, affd. without published opinion 107 F.3d 27 (11th Cir. 1997), as the cause for concern on this point.

Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Section 6501(a) sets forth the general rule that an income tax must be assessed within 3 years after the tax return for the particular year is filed.  Mecom v. Commissioner, 101 T.C. 374, 381 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994).  However, section 6501(c)(4) provides that the taxpayer and the Commissioner may consent in writing to extend the normal 3-year period of limitations on assessment and that the tax may be assessed anytime prior to the expiration of the period agreed upon.

The bar of the period of limitations on assessment is an affirmative defense, and the party raising it is required to specifically plead the bar and to carry the ultimate burden of persuasion.  Rule 142(a); Adler v. Commissioner, 85 T.C. 535, 540 (1985).  A taxpayer pleading the bar of the statute of limitations may establish a prima facie case by showing that the statutory notice was mailed beyond the normal 3-year period.  The burden of going forward then shifts to the Commissioner to show that the bar of the statute of limitations is not applicable.

Adler v. Commissioner, supra at 540.  The Commissioner's burden may be satisfied by the production of a written consent to extend the period of limitations that is valid on its face.  Concrete Engg. Co. v. Commissioner, 58 F.2d 566, 568 (8th Cir. 1932), affg. 19 B.T.A. 212 (1930); Bridges v. Commissioner, T.C. Memo. 1983-763.  Upon such a showing, the burden of going forward with the evidence then shifts back to the taxpayer to show that the written consent is invalid or otherwise not binding upon the taxpayer.  Adler v. Commissioner, supra at 540, and cases cited therein.

As previously discussed, petitioner properly raised the bar of the period of limitations for each of the years 1988 through 1991 in its petition.  Respondent in turn relies upon the Forms 872 executed on behalf of Hibiscus as evidence that the bar of the period of limitations is not applicable.  Petitioner counters that the Forms 872 executed on behalf of Hibiscus after April 12, 1993, are not effective to extend the period of limitations with respect to petitioner's tax liabilities on the ground that respondent's conduct during the examination (and particularly the issuance of separate 30-day letters to Hibiscus and petitioner) terminated the agency relationship between Hibiscus and petitioner pursuant to the final sentence of section 1.1502-77(a), Income Tax Regs.

Because there is no dispute as to the material facts respecting the question of the applicability of the period of limitations, the issue is ripe for summary adjudication.

Section 1501, which grants the authority for affiliated corporations to file consolidated income tax returns, provides that, upon filing a consolidated return, the members of the consolidated group consent to all of the consolidated return regulations prescribed under section 1502. Section 1502 provides that the Secretary shall prescribe such regulations as may be deemed necessary so that the tax liability of an affiliated group may be returned, determined, computed, assessed, collected, and adjusted in such a manner as clearly to reflect the income tax liability.

Pursuant to the authority granted in section 1502, the Secretary promulgated section 1.1502-77(a), Income Tax Regs., which provides in pertinent part:

> Common parent agent for subsidiaries.--(a) Scope of agency of common parent corporation. The common parent, for all purposes * * * [other than exceptions not applicable here], shall be the sole agent for each subsidiary in the group, duly authorized to act in its own name in all matters relating to the tax liability for the consolidated return year. Except as provided in the preceding sentence, no subsidiary shall have authority to act for or to represent itself in any such matter. * * *; the common parent in its name will give waivers, give bonds, and execute closing agreements, offers in compromise, and all other documents, and any waiver or bond so given, or agreement, offer in compromise, or any other document so executed, shall be considered as having also been given or executed by each such subsidiary. * * * Notwithstanding the

> provisions of this paragraph, the district director may, upon notifying the common parent, deal directly with any member of the group in respect of its liability, in which event such member shall have full authority to act for itself. [Emphasis added.]

Section 1.1502-77(c), Income Tax Regs., provides:

> (c) Effect of waiver given by common parent. Unless the district director agrees to the contrary, an agreement entered into by the common parent extending the time within which an assessment may be made or levy or proceeding in court begun in respect of the tax for a consolidated return year shall be applicable--
>
> (1) To each corporation which was a member of the group during any part of such taxable year, and
>
> (2) To each corporation the income of which was included in the consolidated return for such taxable year, notwithstanding that the tax liability of any such corporation is subsequently computed on the basis of a separate return under the provisions of sec. 1.1502-75.

In sum, the common parent of an affiliated group of corporations filing a consolidated return generally is treated as the sole agent for its subsidiaries and may execute a consent to extend the period of limitations on behalf of the consolidated group. However, a subsidiary shall have full authority to act for itself where the Commissioner notifies the common parent that the Commissioner will deal directly with the subsidiary in respect of its tax liability. See Craigie, Inc. v. Commissioner, 84 T.C. 466, 474-475 (1985).

The parties disagree whether the issuance of separate 30-day letters and RAR's to Hibiscus and petitioner during the examination stage of the case constitutes direct dealing between

respondent and petitioner, and notice of the same to Hibiscus, within the meaning of the final sentence of section 1.1502-77(a), Income Tax Regs. Respondent contends in the alternative that, regardless of the applicability of section 1.1502-77(a), Income Tax Regs., the Court should conclude that the period of limitations did not expire in this case on the grounds that: (1) The disputed Forms 872 should be enforced to the extent they reflect the parties' mutual assent to extend the period of limitations; and (2) petitioner subsequently ratified the Forms 872 executed on behalf of Hibiscus.

Relying on cases such as Barbados #7 Ltd. v. Commissioner, 92 T.C. 804 (1989); Halper v. Commissioner, T.C. Memo. 1997-58; and Malone & Hyde, Inc. v. Commissioner, T.C. Memo. 1992-661, petitioner counters that respondent's reliance on the parties' mutual assent and/or the doctrine of ratification is misplaced. Petitioner, in its written statement filed subsequent to the hearing herein, states:

> Respondent's arguments as to mutual assent and ratification are based upon the intent of the parties. That is, respondent asserts that the consents were intended to extend the period of limitations for the separate tax liabilities of both members of the Hibiscus consolidated group, that Hibiscus' authority was not disavowed by petitioner, and that the actions of Hibiscus and petitioner taken upon the assumption that the necessary authority existed amount to ratification of the consents. However, the issue presented by the instant motions is not one of intent, but instead is whether Hibiscus at the time of its execution of the consents was vested with the authority to do so. Petitioner submits that as a result of

respondent's decision to deal separately with petitioner, and his notification to Hibiscus of same, Hibiscus lacked the requisite authority to execute the consents and that respondent is charged with knowledge of that lack of authority. Accordingly, while the elements relied upon by respondent may well be of significance in another context, 'neither intent nor failure to disavow nor ratification can create a power that by law does not and cannot exist.' <u>Malone & Hyde, Inc. v. Commissioner</u>, T.C. Memo. 1992-661, 64 TCM 1309 at 1316.

In sum, petitioner contends that respondent's purported direct dealing with petitioner within the meaning of the last sentence of section 1.1502-77(a), Income Tax Regs., precluded Hibiscus from continuing to act as agent for petitioner in any respect. We disagree.

The flaw in petitioner's position, and the factor that serves to distinguish the present case from the cases relied upon by petitioner, is petitioner's erroneous assumption that Hibiscus (and its agents) lacked the legal capacity to act as petitioner's agent. We return to the final sentence of section 1.1502-77(a), Income Tax Regs., which provides: "Notwithstanding the provisions of this paragraph, the district director may, upon notifying the common parent, deal directly with any member of the group in respect of its liability, <u>in which event such member shall have full authority to act for itself</u>." (Emphasis added.) Even assuming for the sake of argument that Hibiscus' authority to act as petitioner's agent was terminated in April 1993 pursuant to this provision, we see no basis for interpreting the

regulation (and particularly the language quoted above) as a legal bar to the reinstatement of an agency relationship between Hibiscus and petitioner. In other words, while the final sentence of section 1.1502-77(a), Income Tax Regs., provides that a subsidiary member of a consolidated group shall have full authority to act for itself, the provision does not preclude a subsidiary from allowing its parent to continue to act as its agent.

Consistent with the foregoing, it follows that the cases that petitioner relies upon, cases in which the ostensible agent lacked the legal capacity to continue to act as an agent, are inapposite. See Barbados #7 Ltd. v. Commissioner, supra (TMP/agent's authority terminated upon bankruptcy); Halper v. Commissioner, supra (agent's authority terminated as consequence of principal's mental incapacity); Malone & Hyde, Inc. v. Commissioner, supra (agent's authority terminated upon merger of corporation/principal with another corporation).

We are satisfied that the undisputed facts demonstrate that the consents in dispute are valid and binding on petitioner based upon the theories of mutual assent or ratification. Consistent with Gary Powers' testimony on the point, petitioner does not dispute that the consents were executed with the intent of extending the period of limitations for the Hibiscus consolidated group. Moreover, Gary Powers' dual role as treasurer for

Hibiscus and vice president (finance and treasurer) for petitioner,[7] and the prominent role that he played in executing both consents and appointing attorneys in fact to act for the Hibiscus consolidated group during the period in question, provide ample support for the conclusion that petitioner ratified the consents executed by Hibiscus.[8]  See Mishawaka Properties Co. v. Commissioner, 100 T.C. 353, 365-367 (1993) (validity of a petition for readjustment filed by a partner other than the tax matters partner sustained based upon principle of implied ratification); Kraasch v. Commissioner, 70 T.C. 623, 628 (1978) (taxpayers ratified accountant's act of filing petition on their behalf).

---

[7]  As a corporate officer, Gary Powers had apparent authority to act as agent for both Hibiscus and petitioner.  See, e.g., Bugaboo Timber Co. v. Commissioner, 101 T.C. 474, 486 (1993).

[8]  Significantly, during April 1993, the same time that respondent had issued separate 30-day letters to Hibiscus and petitioner, and later in July and September 1993, Gary Powers executed a series of Forms 2848 appointing Messrs. Veeder and Cassil as attorneys in fact for "Hibiscus Co. and Subsidiary" for the taxable years 1988, 1989, and 1990, and separate powers of attorney appointing Messrs. Veeder and Cassil as attorneys in fact for Hibiscus and petitioner for the taxable year 1991.  Gary Powers was aware that David Veeder executed further consents to extend the period of limitations on behalf of "Hibiscus Co. and Subsidiary."  Considering all of the facts and circumstances, Gary Powers' silence respecting his authority, as well as that of David Veeder, to act as agent for petitioner and to execute consents on behalf of petitioner serves as petitioner's ratification of Gary Powers' execution of the powers of attorney as well as the consents executed on its behalf.

In sum, we hold that the Forms 872 that Hibiscus executed were effective to extend the period of limitations on behalf of petitioner.  Consequently, we will grant respondent's Motion for Partial Summary Judgment and deny petitioner's Cross-Motion for Summary Judgment filed in docket No. 14781-96.

2.  Petitioner's Motion To Dismiss for Lack of Jurisdiction Filed in Docket No. 5898-97

The remaining question to be decided is whether the December 30, 1996, notice of deficiency that is the basis for the petition assigned docket No. 5898-97 is an invalid second notice of deficiency under section 6212(c).  Resolution of this issue turns largely upon the question of the validity of the April 11, 1996, notice of deficiency that is the subject of the petition assigned docket No. 14781-96.  As previously mentioned, respondent issued the notice of deficiency dated December 30, 1996, out of concern that the Court might find the April 11, 1996, notice of deficiency to be invalid based upon statements contained in INI, Inc. v. Commissioner, T.C. Memo. 1995-112, affd. without published opinion 107 F.3d 27 (11th Cir. 1997), to which we now turn.

In INI, Inc. v. Commissioner, supra, the Commissioner adopted inconsistent alternative positions by issuing one notice of deficiency to the common parent of a consolidated group of corporations and a second notice of deficiency to a subsidiary corporation based on separate filing status.  Separate petitions

for redetermination were filed with the Court with respect to each notice. However, INI, Inc. (INI), the subsidiary corporation, subsequently challenged the validity of the notice of deficiency that respondent had issued to INI on the ground that the separate notice was issued in violation of section 1.1502-77(a), Income Tax Regs.

Contrary to INI's position, the Court sustained the validity of the notice of deficiency. In particular, although recognizing that a common parent of a consolidated group of corporations normally serves as agent for its subsidiaries, the Court observed that a copy of the notice of deficiency issued to INI was contemporaneously furnished to the common parent corporation. Under the circumstances, the Court concluded that the notice of deficiency was validly issued pursuant to the consolidated return regulations on the ground that it served as notice to the common parent corporation that respondent intended to deal directly with INI pursuant to the final sentence of section 1.1502-77(a), Income Tax Regs.

Applying similar reasoning in the present case, we conclude that the April 11, 1996, notice of deficiency issued to petitioner is valid. Of course, the facts in the present case can be distinguished from those of INI, Inc. v. Commissioner, supra, insofar as respondent did not directly furnish Hibiscus with a copy of the April 11, 1996, notice of deficiency.

However, considering that Hibiscus and petitioner shared corporate officers and the same address, we are satisfied that delivery of the April 11, 1996, notice of deficiency to petitioner also served to provide Hibiscus with timely notice of respondent's determination to deal directly with petitioner in respect of its tax liabilities for the years in issue within the meaning of section 1.1502-77(a), Income Tax Regs.[9] Consequently, we conclude that the April 11, 1996, notice of deficiency is valid. INI, Inc. v. Commissioner, supra.

Section 6212(c) provides that, with exceptions not applicable here, if the Secretary has mailed to the taxpayer a notice of deficiency, and the taxpayer files a timely petition with the Tax Court, the Secretary shall have no right to issue a further notice of deficiency to the taxpayer for the same taxable year. See McCue v. Commissioner, 1 T.C. 986, 987-988 (1943). Consistent with our holding that the April 11, 1996, notice of deficiency is valid, and considering petitioner's timely petition for redetermination assigned docket No. 14781-96, it follows that the December 30, 1996 notice of deficiency is an invalid second notice of deficiency within the meaning of section 6212(c). McCue v. Commissioner, supra. Accordingly, we will grant petitioner's Motion to Dismiss for Lack of Jurisdiction filed in

---

[9] The parties agree that Hibiscus had actual or constructive notice of the Apr. 11, 1996, notice of deficiency by Apr. 18, 1996.

docket No. 5898-97, and we will dismiss that docket for lack of jurisdiction on the ground that the underlying notice of deficiency is invalid.

To reflect the foregoing,

<u>An order denying petitioner's Cross-Motion for Summary Judgment and granting respondent's Motion for Partial Summary Judgment will be issued in docket No. 14781-96, and an order granting petitioner's Motion to Dismiss for Lack of Jurisdiction will be entered in docket No. 5898-97</u>.