140 T.C. No. 8

UNITED STATES TAX COURT

WISE GUYS HOLDINGS, LLC, PETER J. FORSTER,
TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 6643-12.                         Filed April 22, 2013.

R mailed to P, as W's tax matters partner (TMP), a notice of final partnership administrative adjustment (FPAA) for W's 2007 taxable year. Approximately nine months later, R (through an office different from the office that mailed the FPAA) mailed to P, as W's TMP, a second FPAA for W's 2007 taxable year. The first FPAA and the second FPAA are similar in content but are different in the contact information (and a few other minor items) shown on the face. P filed his petition in response to the second FPAA but after the statutory deadline for challenging the first FPAA had expired.

Held: The second FPAA is invalid (and thus disregarded) because I.R.C. sec. 6223(f) precluded R from properly mailing the second FPAA to P. The Court lacks jurisdiction to decide this case because the petition was not filed timely as to the first FPAA.

Peter J. Forster, pro se.

Joy E. Gerdy Zogby and Paul T. Butler, for respondent.

OPINION

THORNTON, Judge:  This is a partnership-level proceeding under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648.[1]  Petitioner commenced this case on March 12, 2012, by filing with the Court a petition allegedly pursuant to section 6226(a)(1) or (b)(1).[2]  Petitioner is the tax matters partner (TMP) of Wise Guys Holdings, LLC (WGH), and this case concerns WGH's 2007 taxable year.

Respondent moves to dismiss this case for lack of jurisdiction, asserting that the petition was not filed timely within the 90-day or 60-day period of section 6226(a)(1) and (b)(1), respectively.  Respondent notes that on March 18, 2011, a notice of final partnership administrative adjustment (FPAA) for WGH's 2007 taxable year was mailed to petitioner in his capacity as WGH's TMP and that the

---

[1]Subsequent section references are to the applicable versions of the Internal Revenue Code.

[2]Pursuant to an order of this Court dated March 15, 2012, petitioner subsequently filed an amended petition on April 17, 2012.

petition was not filed until approximately one year later. Petitioner objects to respondent's motion. Petitioner asserts that the petition was filed timely in response to a second FPAA for WGH's 2007 taxable year mailed to petitioner (in his capacity as WGH's TMP) on December 6, 2011. Neither party asserts, nor does the record show, that the second FPAA was mailed on account of "fraud, malfeasance, or misrepresentation of a material fact" within the meaning of section 6223(f).

We hold that the second FPAA is invalid (and thus disregarded) because section 6223(f) precluded respondent from properly mailing the second FPAA to petitioner. Because the petition was not filed timely as to the first FPAA, the Court lacks jurisdiction to decide the case and accordingly will dismiss it.

## Background

### I. Introduction

Neither party requested a hearing, and we conclude that none is necessary to decide respondent's motion to dismiss. For the sole purpose of deciding that motion, we draw the following background information from petitioner's allegations in the amended petition, from the uncontroverted statements in respondent's motion to dismiss (including the exhibits attached thereto), and from the exhibits attached to petitioner's objection to respondent's motion to dismiss.

The record does not definitively establish the location of WGH's principal place of business when the petition was filed. Petitioner alleged in his amended petition that WGH's principal place of business was in Virginia (apparently at the time of the amended petition).

## II. Background Information

On March 18, 2011, an Internal Revenue Service (IRS) office in Hartford, Connecticut, mailed to petitioner, in his capacity as WGH's TMP, two copies of an FPAA (first FPAA) relating to WGH's 2007 taxable year. One copy was sent by certified mail to petitioner at WGH's last known address in Manassas, Virginia, and was delivered there three days later. The other copy was sent by certified mail to petitioner at his last known address in Great Falls, Virginia, and was delivered there on March 29, 2011. The face of the first FPAA lists "March 18, 2011" in a section entitled "Date FPAA Mailed to Tax Matters Partner" and states that questions may be directed to a named IRS employee (K.M.P.) at a listed address or phone number in Connecticut. The mailing to the Manassas address included a five-page examination report not included in the mailing to the Great Falls address. The face of the first FPAA explains that the Commissioner sends an examination report only to the TMP and that any other partner should contact the TMP to get a copy of the examination report.

On December 6, 2011, an IRS office other than the Hartford office mailed to petitioner, in his capacity as WGH's TMP, a copy of another FPAA (second FPAA) relating to WGH's 2007 taxable year.[3] This copy was addressed to petitioner at the same Great Falls address mentioned above and, unlike the first FPAA, bears no certified mail stamp or certified mail number. Also on December 6, 2011, a revenue agent (K.D.) in an IRS office in Fairfax, Virginia, mailed to petitioner's representative (at his address, pursuant to a power of attorney or other authorization that the IRS had on file) another copy of the second FPAA. K.D. included in the mailing to the representative a one-page cover letter stating that a "Report" was enclosed and that the representative could call K.D. at her listed Virginia phone number with any question. The face of the second FPAA lists no date in the section entitled "Date FPAA Mailed to Tax Matters Partner" and states that questions may be directed to a named IRS employee (L.S.B.) at his listed address or phone number in Pennsylvania.[4]

---

[3]The first FPAA specifically lists the mailing address of the IRS office which mailed that FPAA. The second FPAA does not do similarly. The faces of the FPAAs indicate that they were mailed by different IRS offices.

[4]While the second FPAA states that questions may be directed in writing to L.S.B. at his address listed on the heading of the FPAA, no such address is listed.

The first FPAA and the second FPAA are similar in content but are different in the contact information (and a few other minor items) shown on the face. The second FPAA does not set forth any partnership-level adjustment or determination that is not listed in the first FPAA.

Petitioner attached the second FPAA to his petition underlying this case. Petitioner also attached the second FPAA to his amended petition.

## Discussion

Petitioner seeks through his petition, as amended, to pursue in this Court a partnership-level proceeding under TEFRA. This Court's jurisdiction over a TEFRA partnership-level proceeding is invoked upon the Commissioner's mailing of a valid FPAA and the proper filing of a petition for readjustment of partnership items for the year or years to which the FPAA pertains. See Harbor Cove Marina Partners P'ship v. Commissioner, 123 T.C. 64, 78 (2004). A TMP generally has 90 days after the mailing of a valid FPAA to file a petition for readjustment of the partnership items covered by the FPAA. See sec. 6226(a); PCMG Trading Partners XX, L.P. v. Commissioner, 131 T.C. 206, 207 (2008). If the TMP does not timely file such a petition within that 90-day period, then any "notice partner" and any "5-percent group" may file a petition for readjustment of the partnership items within the 60-day period that follows the close of the 90-day period. See sec.

6226(b)(1); PCMG Trading Partners XX, L.P. v. Commissioner, 131 T.C. at 207-208; see also sec. 6231(a)(8), (11) (respectively defining the terms "notice partner" and "5-percent group"). The Court lacks jurisdiction to decide a TEFRA proceeding that is commenced after the 150-day period consisting of the just-mentioned 90-day and 60-day periods. See Barbados #6, Ltd. v. Commissioner, 85 T.C. 900 (1985).

The parties do not dispute that petitioner's petition was not filed timely as to the first FPAA or that it was filed timely as to the second FPAA. They dispute whether the second FPAA was valid so that a petition could be properly filed with respect to it. Respondent argues that the second FPAA was invalid pursuant to section 6223(f). Under that section, "If the Secretary mails a notice of final partnership administrative adjustment for a partnership taxable year with respect to a partner, the Secretary may not mail another such notice to such partner with respect to the same taxable year of the same partnership in the absence of a showing of fraud, malfeasance, or misrepresentation of a material fact." Sec. 6223(f). Petitioner counters in his objection to respondent's motion that he filed his petition in "good faith" in response to the second FPAA and he cannot be faulted for respondent's mailing of that document or for relying on that document as "presumably valid". Petitioner adds in his objection to respondent's motion that the

audit underlying this case was an "arduous process", that he has been "frustrated throughout this process due to the lack of communication" with respondent, and that "fairness and justice" dictate that the Court not dismiss this case "on a technicality that the second FPAA was not valid because one had already been sent".

We agree with respondent that the Court must dismiss this case for lack of jurisdiction because of the absence of a timely petition. While neither party has cited any case directly on point, we are mindful of the related law applicable to the mailing of two notices of deficiency. Section 6212(c) generally provides that, if the Secretary has mailed to the taxpayer a notice of deficiency and the taxpayer timely petitions the Court with respect thereto, the Secretary shall have no right to mail a further notice of deficiency to the taxpayer for the same taxable year. In McCue v. Commissioner, 1 T.C. 986 (1943), the Court construed a predecessor of that section, namely, section 272(f) of the Internal Revenue Code of 1939.[5] There, the

---

[5]Former sec. 272(f) provided in relevant part:

SEC. 272. PROCEDURE IN GENERAL.

(f) Further Deficiency Letters Restricted.--If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of

(continued...)

Commissioner mailed a notice of transferee liability to a taxpayer, and the taxpayer timely petitioned the Court with respect to the notice. See McCue v. Commissioner, 1 T.C. at 987. Before the petition was filed, however, the Commissioner mailed the taxpayer a second notice of transferee liability with respect to the same liability. See id. The taxpayer petitioned the Court with respect to the second notice. See id. The Court dismissed the second action, stating that the taxpayer had no right to file the second petition because former section 272(f) precluded the Commissioner from mailing the second notice as a valid notice. See id. at 988; cf. Kiker v. Commissioner, 218 F.2d 389, 393 (4th Cir. 1955) (stating that a second deficiency notice issued for a taxable year was not invalid under former section 272(f) because, among other reasons, it determined an additional deficiency on account of fraud); Rowan Cotton Mills Co. v. Commissioner, 140 F.2d 277 (4th Cir. 1944) (holding that a second deficiency notice issued for a taxable year was valid where it determined a deficiency in a different type of tax than did the earlier deficiency notice), aff'g on this issue 1

---

[5](...continued)
the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Board, or in section 273(c), relating to the making of jeopardy assessments. * * *

T.C. 865 (1943).[6]  Later, in Stamm Int'l Corp. v. Commissioner, 84 T.C. 248, 252 (1985), the Court cited McCue in support of the Court's conclusion that "A valid petition is the basis of the Tax Court's jurisdiction.  To be valid, a petition must be filed from a valid statutory notice."  Accord Lone Star Life Ins. Co. v. Commissioner, T.C. Memo. 1997-465 (holding that a notice of deficiency was invalid where it was the second notice mailed for that year and the taxpayer timely petitioned the Court as to the first notice).

Petitioner seeks to invoke the Court's jurisdiction to decide this case, which means that he bears the burden of proving that the Court has jurisdiction to decide the case.  See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975).  In order to meet his burden of proof, petitioner must establish

_____

[6]The cases cited supra pp. 9-10 involve sec. 6212(c) or its predecessor, former sec. 272(f), both of which are textually similar to sec. 6223(f).  One notable difference, however, is that sec. 6212(c) and former sec. 272(f) generally prohibit the Commissioner from mailing an additional deficiency notice for a taxable year for which the taxpayer has timely petitioned the Court with respect to a previous deficiency notice.  Cf. Gmelin v. Commissioner, T.C. Memo. 1988-338 (holding that former sec. 272(f) does not require that the Commissioner wait until the period for filing a petition as to a deficiency notice expires before issuing another deficiency notice as to the same taxable year), aff'd without published opinion, 891 F.2d 280 (3d Cir. 1989).  Sec. 6223(f), on the other hand, generally bars the Commissioner from mailing a second FPAA to a particular partner without regard to whether a petition has been filed in this Court.

affirmatively all facts giving rise to the Court's jurisdiction. See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 270; Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960). The Court's jurisdiction is set explicitly by statute, see Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442, and the Court lacks authority to apply equitable principles (e.g., estoppel) to acquire jurisdiction over a matter that the statute does not authorize the Court to decide, see Calvert Anesthesia Assocs.-Pricha Phattiyakul, M.D., P.A. v. Commissioner, 110 T.C. 285, 287 (1998); see also Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990) (and cases cited threat).

Petitioner does not allege that he failed to receive timely notice of the beginning of the administrative proceeding underlying this case. See generally sec. 6223(e)(1)(A), (2). Nor does petitioner allege that the first FPAA was issued improperly or that the first FPAA was otherwise invalid. Petitioner also does not advance any reason he did not timely petition the Court in response to the first FPAA. Petitioner essentially points the Court to the second FPAA and asks the Court to apply equitable principles to exercise jurisdiction on the basis of the second FPAA. We decline to do so. As we have stated, whether the Court has jurisdiction to decide a TEFRA case such as this one turns not on our consideration of equitable

principles but on our finding that a petition was properly filed in response to a valid FPAA. Respondent having mailed a valid FPAA, the second FPAA mailed for that same year is invalid pursuant to section 6223(f) absent a showing of "fraud, malfeasance, or misrepresentation of a material fact." Petitioner has failed to make such a showing. In fact, petitioner does not even assert that respondent mailed the second FPAA on account of fraud, malfeasance, or misrepresentation of a material fact. The lack of such an assertion is not surprising. Given the resemblance of the first FPAA to the second FPAA, and the fact that the second FPAA contains no adjustment or determination other than those set forth in the first FPAA, it would seem that the mailing of the second FPAA was more the result of a mistake or a lack of communication on the part of the IRS than of fraud, malfeasance, or a misrepresentation of a material fact.[7] We conclude that the second FPAA is invalid, and we disregard it for purposes of deciding whether petitioner's petition was timely filed to invoke the Court's jurisdiction to decide this case.

---

[7]While the first FPAA and the second FPAA are similar in content, neither is a "duplicate copy" of the other within the meaning of sec. 301.6223(f)-1(a), Proced. & Admin. Regs. The regulations generally allow the Commissioner to issue a duplicate copy of an FPAA where, for example, the original is lost. See id.

The petition was not filed timely as to the first FPAA. Accordingly, we will grant respondent's motion and dismiss this case for lack of jurisdiction on the ground that a timely petition was not filed as required by section 6226(a)(1) or (b)(1). We have considered all arguments petitioner made for a contrary decision, and to the extent not discussed, we have rejected those arguments as without merit.

To reflect the foregoing,

<u>An appropriate order of</u>

<u>dismissal will be entered</u>.