110 T.C. No. 22


UNITED STATES TAX COURT


CALVERT ANESTHESIA ASSOCIATES-PRICHA PHATTIYAKUL,
M.D. P.A., Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket No. 18856-97R.                     Filed April 27, 1998.


    R moves to dismiss this case for lack of
jurisdiction, alleging that P's petition for
declaratory judgment with respect to the status of its
profit sharing plan was untimely.  P petitioned the
Court 94 days after R issued P a final revocation
letter with respect to the plan.
    Held:  Sec. 7476(b)(5), I.R.C., requires that a
petition for declaratory judgment be filed before the
91st day after the day after the issuance of a final
revocation letter.  Hence, we must dismiss this case
for lack of jurisdiction.


Mark C. Kopec, Paul W. Madden, and Herman B. Rosenthal, for

petitioner.

Clare J. Brooks, for respondent.


OPINION


LARO, Judge: Respondent moves the Court to dismiss this case for lack of jurisdiction, alleging that petitioner's petition for declaratory judgment was not filed within the time prescribed in section 7476. Petitioner objects thereto. Petitioner alleges that the petition was timely, and, even if it was not, that respondent has waived the right to challenge the timeliness of the petition, or, alternatively, that the Court should extend the period of time in which the petition had to be filed. Petitioner alleges that equitable considerations support its position.

We shall grant respondent's motion. Section references are to the applicable provisions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner maintains a profit sharing plan named the Calvert Anesthesia Associates-Pricha Phattiyakul, M.D. P.A. Profit Sharing Plan (the Plan). On June 13, 1997, respondent issued petitioner by certified mail a final revocation letter stating that the Plan did not meet the requirements of section 401(a) for

its plan year ended December 31, 1991, that the trust underlying the Plan (the Trust) was not tax exempt under section 501(a) for the same year, and that respondent was revoking a July 29, 1987, favorable determination letter issued to petitioner in connection with the Plan and the Trust. The reason stated in the final revocation letter for respondent's action was that petitioner had "failed to provide the information necessary to determine allowable deductions under IRC Sec. 404, qualification under Sec. 401(a), or the financial condition and operation of the plan."

In a petition that was hand-delivered to this Court on September 15, 1997, and filed on that day, petitioner petitioned the Court for a declaratory judgment as to the status of the Plan. Thereafter, the Court filed the instant motion. Petitioner has responded to this motion by way of an objection, and respondent has responded to petitioner's objection.

## Discussion

In a case of first impression, we must decide, as a jurisdictional matter, the number of days that an employer or other qualified person has to petition this Court for a declaratory judgment following the issuance of a final revocation letter. Respondent alleged initially that petitioner, the employer at hand, had 92 days. In the response to petitioner's objection, respondent shortens this period by 1 day, alleging

that the petition must be filed in 91 days. Petitioner refers in its objection to the 92-day period first mentioned by respondent, and, after pointing out that the 92d day fell on a Saturday, notes that the petition was filed 2 days later on Monday. Even if the petition were untimely, petitioner argues, respondent has waived the right to challenge the timeliness of the petition, or, alternatively, the Court should extend the period of time in which the petition had to be filed. Petitioner alleges that equitable considerations support a conclusion that the petition was timely.

We agree with respondent that we do not have jurisdiction to decide this case. We are a Court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442. Whether we have jurisdiction over the subject matter of a dispute is an issue that either party thereto, or this or an appellate court sua sponte, may raise at any time. The failure to question our jurisdiction is not a waiver of the right to do so, for if we lack jurisdiction over an issue, we do not have power to decide it. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Brown v. Commissioner, 78 T.C. 215, 217-218 (1982), and the cases cited therein. As a Court of limited jurisdiction, we have no

authority to apply equitable principles to assume jurisdiction over a matter not authorized by statute. See Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990), and cases cited therein.

We must decide whether we have jurisdiction to make a declaratory judgment as to the qualification of the Plan under section 401(a). Before the passage of the Employee Retirement Income Security Act of 1974 (ERISA), Pub. L. 93-406, 88 Stat. 829, we would have had to answer this question "no". Before ERISA, we were not authorized to grant a declaratory judgment concerning respondent's determination that an employer's pension plan failed to qualify under section 401(a). H. Rept. 93-807, at 106 (1974), 1974-3 C.B. (Supp.) 236, 341. Instead, the employer under the then-existing law could seek judicial review of respondent's action after the employer made contributions to its plan, claimed the contributions as a deduction on its Federal income tax return, and had those deductions disallowed by the Internal Revenue Service. Id.

In 1974, the Congress enacted ERISA to deal with a number of matters affecting retirement plans, one matter of which was the unavailability of a judicial forum to grant a declaratory judgment with respect to the initial or continuing qualification of retirement plans. H. Rept. 93-807, supra at 6, 1974-3 C.B. (Supp.) at 241. As part of ERISA, the Congress enacted section 7476 to establish a declaratory judgment procedure under which an

employer could challenge respondent's determination with respect
to the qualification of its employee benefit plan. H. Rept.
93-807, supra at 107, 1974-3 C.B. at 342.  Section 7476 provides:

    SEC. 7476.       DECLARATORY JUDGMENTS
                       RELATING TO
                       QUALIFICATION OF CERTAIN
                       RETIREMENT PLANS.

       (a)  Creation of Remedy.--In a case of actual
controversy involving--

       (1)  a determination by the Secretary
with respect to the initial qualification or
continuing qualification of a retirement plan
under subchapter D of chapter 1, * * *

     *     *     *     *     *     *     *

upon the filing of an appropriate pleading,
the Tax Court may make a declaration with
respect to such initial qualification or
continuing qualification.  Any such
declaration shall have the force and effect
of a decision of the Tax Court and shall be
reviewable as such.  * * *

(b)  Limitations.--

       (1)  Petitioner.--A pleading may be
filed under this section only by a petitioner
who is the employer, the plan administrator,
an employee who has qualified under
regulations prescribed by the Secretary as an
interested party for purposes of pursuing
administrative remedies within the Internal
Revenue Service, or the Pension Benefit
Guaranty Corporation.

     *     *     *     *     *     *     *

       (5)  Time for bringing action.--If the
Secretary sends by certified or registered mail
notice of his determination with respect to the
qualification of the plan to the persons referred
to in paragraph (1) (or, in the case of employees

referred to in paragraph (1), to any individual designated under regulations prescribed by the Secretary as a representative of such employee), no proceeding may be initiated under this section by any person unless the pleading is filed before the ninety-first day after the day after such notice is mailed to such person (or to his designated representative, in the case of an employee).

(c)  Retirement Plan.--For purposes of this section, the term "retirement plan" means--

(1)  a pension, profit-sharing, or stock bonus plan described in section 401(a) or a trust which is part of such a plan, or

(2)  an annuity plan described in section 403(a).

Thus, following the passage of ERISA, our authority to make a declaratory judgment concerning the qualification of a retirement plan, or whether the qualification of a retirement plan is revoked, is subject to five jurisdictional limitations set forth in section 7476(b).  See also Rule 210(c).  Any of these limitations, if not met, will prevent us from making a declaratory judgment and will result in a dismissal of the underlying petition.  Id.; McManus v. Commissioner, 93 T.C. 79, 84 (1989).

We are concerned with the limitation in section 7476(b)(5), namely, the time for bringing an action for a declaratory judgment.  Our decision turns on the text of this section, which, if plain and unambiguous, is the answer to our inquiry.  To the extent that we can understand and apply the plain meaning of unambiguous statutory text, we shall do so.  Garcia v. United

<u>States</u>, 469 U.S. 70, 76 n.3 (1984); see also <u>Ex parte Collett</u>, 337 U.S. 55 (1949); <u>Venture Funding, Ltd. v. Commissioner</u>, 110 T.C. ___ (1998).

The critical language in section 7476(b)(5) is that "no proceeding may be initiated * * * [in this Court for a declaratory judgment] unless the pleading is filed before the ninety-first day after the day after such notice is mailed to such person".  We find this text to be unambiguous.  The text means that a petition for declaratory judgment must be filed within 90 days of the day following the day that respondent issued the final revocation letter, or, in other words, no more than 91 days after the letter was issued.

Although not necessary to our understanding of the text, we have reviewed the legislative history of section 7476(b)(5) and conclude that this history does not change our result.  When passed by the House, the House bill read as follows:

> (5)  Time for bringing action.--If the Secretary or his delegate sends by certified or registered mail his determination with respect to the qualification of the plan to the persons requesting such determination, no proceeding may be initiated under this section by any person unless the pleading is filed before the 91st day after the date such person is notified by the Internal Revenue Service of such mailing.  [H.R. 12855, 93d Cong., 2d Sess. sec. 1041(a) (1974).]

With respect thereto, the underlying report of the House Ways and Means Committee stated:  "No petition to the Tax Court may be filed after 90 days from the date on which the Secretary or his

delegate sends notice to a person of his determination * * * as to the qualification of the plan." H. Rept. 93-807, supra at 109, C.B. (Supp.) at 344.

When the bill went to the Senate, the Senate changed the House language to read in relevant part as follows:

> (b) Time for bringing action.--
>
> (1) 90-DAY PERIOD.--* * * an action for declaratory judgment under this part must be commenced within 90 days after the date on which the Secretary or his delegate sends by certified or registered mail his determination with respect to the qualification of the plan to the person requesting such determination. [H.R. 2, 93d Cong., 1st Sess. sec. 601(a) (1974).]

The report of the Senate Finance Committee stated in relevant part:

> the petition to the Tax Court for a declaratory judgment must be filed within 90 days after the date on which the Commissioner sends by certified or registered mail his final determination in response to an employer or trustee's request for a determination. * * * [S. Rept. 93-383 (accompanying S. 1179), at 116 (1973), 1974-3 C.B. (Supp.) 80, 195.]

The bill was altered in conference, so that instead of a 90-day filing period, section 7476(b)(5) requires that a petition be filed "before the ninety-first day after the day after such notice is mailed". (Emphasis added.) The conference report does not explain the change to this 91-day period. See H. Conf. Rept. 93-1280, at 331-332 (1974), 1974-3 C.B. 415, 492-493. In the absence of such an explanation, we do not know why the statute as enacted contains language different from that in the House and

Senate bills. The phrase "after <u>the day after</u> such notice is mailed" (emphasis added) appears to be unique to section 7476.[1] We decline, however, to second guess Congress' use of these words or to otherwise ignore them. We hold that an employer such as petitioner has 91 days from the issuance of the final revocation letter to petition this Court for a declaratory judgment with respect thereto.

As applied to the facts at hand, section 7476(b)(5) allows us to make a declaratory judgment as to the status of the Plan if, and only if, the petition was filed on or before September 12, 1997 (the 91st day after the letter was issued), which was not a Saturday, Sunday, or legal holiday in the District of Columbia.[2] Because it was not filed on or before that date, we hold that we are without jurisdiction and must dismiss this case.

We have considered all arguments made by the parties in this matter, and, to the extent not addressed above, find them to be irrelevant or without merit.

---

[1] We have been unable to find any other section of the Code that uses this phrase. Other sections of the Code that authorize this Court to grant a declaratory judgment include secs. 6234, 7428, 7477, 7478, and 7479.

[2] Sec. 7503 acts to lengthen the 91 day period of sec. 7476(b)(5) when the 91st day falls on a Saturday, Sunday, or legal holiday in the District of Columbia.

For the foregoing reasons,

<u>An appropriate order</u>

<u>will be entered</u>.