T.C. Memo. 1998-241


UNITED STATES TAX COURT


DAVID R. AND MARGARET J. KLAASSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11210-97.                    Filed July 2, 1998.


David R. Klaassen and Margaret J. Klaassen, pro sese.

<u>Charles J. Graves</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

--------

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 1994, the taxable year in
(continued...)

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1994 in the amount of $1,085.43, as well as an addition to tax under section 6654(a) in the amount of $66.36. The deficiency in income tax is solely attributable to the alternative minimum tax prescribed by section 55.

After a concession by respondent,[2] the only issue for decision is whether petitioners are liable for the alternative minimum tax.

FINDINGS OF FACT

Some of the facts have been stipulated, and are so found. Petitioners resided in Marquette, Kansas, at the time that their petition was filed with the Court.

Petitioners are husband and wife. Petitioners are also members of the Reformed Presbyterian Church of North America (the Church). Members of the Church are taught that the production of many offspring is a blessing. Accordingly, petitioners are opposed to birth control and abortion.

Petitioners have a large family. In 1994, the taxable year in issue, petitioners had 10 children. Shortly before trial, their 13th child was born. All of petitioners' children qualify as petitioners' dependents within the meaning of section 151(c).

_____

[1](...continued)
issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] At trial, respondent conceded that petitioners are not liable for the addition to tax under sec. 6654(a).

Petitioners timely filed a joint Federal income tax return, Form 1040, for 1994. On their return, petitioners properly claimed a total of 12 exemptions; i.e., two for themselves and 10 for their children. Petitioners reduced their income by the aggregate value of the 12 exemptions, or $29,400.[3]

For 1994, petitioners itemized their deductions on Schedule A. Included on Schedule A were deductions for medical and dental expenses in the amount of $4,767.13 and state and local taxes in the amount of $3,263.56.

Petitioners neither completed nor attached Form 6251 (Alternative Minimum Tax--Individuals) to their 1994 income tax return, nor did petitioners report any liability for the alternative minimum tax on line 48 of Form 1040.

In March 1997, respondent issued a notice of deficiency to petitioners for the taxable year 1994. In the notice of deficiency, respondent did not disallow any of the deductions or exemptions claimed by petitioners on their Form 1040 for purposes of the income tax imposed by section 1(a). Rather, respondent determined that petitioners are liable for the alternative minimum tax prescribed by section 55. In computing the alternative minimum tax, respondent conceded that petitioners have no items of tax preference within the meaning of section 57.

Respondent's determination of the alternative minimum tax is

---

[3] For 1994, each exemption had a value of $2,450.

based on the following computation and entries from petitioners'

income tax return:

```
I.   Individual Income Tax Return - Form 1040
     Adjusted Gross Income
       (Form 1040, line 31)                $83,056.42
     Less: Itemized Deductions
       (Schedule A)                        -19,563.95
     Balance (Form 1040, Line 35)           63,492.47
     Less: Exemptions
       (Form 1040, Line 36)                -29,400.00
     Taxable Income
       (Form 1040, Line 37)                 34,092.47

     Regular Tax (sec. 1(a))
       (Form 1040, Line 38)                  5,111.00


II.  Itemized Expenses - Schedule A
     Medical Expenses
          Actual expenses      $10,996.36
          Less: 7.5% AGI        -6,229.23
          Deductible amount                  4,767.13
     State and Local Taxes                   3,263.56
     Interest Paid                           3,585.76
     Charitable Contributions                7,947.50
     Total Itemized Deductions              19,563.95


III. Alternative Minimum Taxable Income
     Taxable Income (Form 1040, Line 37)   $34,092.47
     Adjustments
          Medical expenses (10% floor)     [1]2,076.41
          State and local taxes             3,263.56
          Exemptions                       29,400.00
     Balance                               68,832.44
     Plus: Items of Tax Preference              -0-
     Alternative Minimum Taxable Income    68,832.44


IV.  Alternative Minimum Tax
     Alternative Minimum Taxable Income    $68,832.44
     Less: Exemption Amount                -45,000.00
     Taxable Excess                         23,832.44
     Times: applicable AMT rate                x 26%
     Tentative Minimum Tax                   6,196.43
     Less: Regular Tax                      -5,111.00
     Alternative Minimum Tax                 1,085.43
```

[1]The adjustment is computed as follows:

```
     Actual Medical Expenses              $10,996.36
     Less: 10% AGI                         -8,305.64
     AMT deductible amount                  2,690.72
```

| | |
|---|---:|
| Schedule A medical deduction | 4,767.13 |
| Less: AMT deductible amount | -2,690.72 |
| Adjustment | 2,076.41 |

## OPINION

Our analysis necessarily begins with section 55, the section of the Internal Revenue Code that imposes the alternative minimum tax. Initially, we note that the alternative minimum tax is imposed in addition to the regular tax and that the "regular tax" is, as relevant herein, the income tax computed on taxable income by reference to the pertinent tax table. See sec. 55(a), (c)(1). In petitioners' case, the "regular tax" is $5,111; i.e., the amount reported on line 38 of petitioners' Form 1040.

Pursuant to section 55(a), the alternative minimum tax is the difference between the "tentative minimum tax" and the "regular tax". As relevant herein, the "tentative minimum tax" is 26 percent of the excess of a taxpayer's "alternative minimum taxable income" over an exemption amount of $45,000. See sec. 55(b)(1)(A)(i)(I), (b)(2), (d)(1)(A)(i).

Section 55(b)(2) defines the term "alternative minimum taxable income". As relevant herein, the term "alternative minimum taxable income" means the taxpayer's taxable income for the taxable year determined with the adjustments provided in section 56 and increased by the amount of items of tax preference described in section 57. Petitioners had no items of tax preference in 1994. Accordingly, alternative minimum taxable

income means petitioners' taxable income determined with the adjustments provided in section 56.

Petitioners' taxable income for 1994 was $34,092.47, the amount reported on line 37 of Form 1040.

As relevant herein, the adjustments provided in section 56(b) are threefold. First, section 56(b)(1)(A)(ii) states that no itemized deduction for State and local taxes shall be allowed in computing alternative minimum taxable income. Second, section 56(b)(1)(B) states that in determining the amount allowable as a deduction for medical expenses, a floor of 10 percent shall be applied in lieu of the regular 7.5 percent floor. See sec. 213(a). Third, section 56(b)(1)(E) states that no personal exemptions shall be allowed in computing alternative minimum taxable income.

The effect of section 56(b)(1)(A)(ii), (b)(1)(B), and (b)(1)(E) is to increase petitioners' taxable income by: (1) $3,263.56, the amount claimed on petitioners' Schedule A for State and local taxes; (2) $2,076.41, the difference between the amount allowable as a deduction for medical expenses on Schedule A and the amount allowable as a deduction for medical expenses for purposes of the alternative minimum tax; and (3) $29,400, the amount claimed on petitioners' Form 1040 for personal exemptions.

After taking into account the foregoing three adjustments, petitioners' alternative minimum taxable income for 1994 equals $68,832.44. Alternative minimum taxable income exceeds the

applicable exemption amount of $45,000 by $23,832.44. See sec. 55(d)(1)(A)(i). Petitioners' "tentative minimum tax" is therefore 26 percent of that excess, or $6,196.43. See sec. 55(b)(1)(A)(i)(I). Because petitioners' tentative minimum tax exceeds petitioners' regular tax of $5,111, petitioners are liable for the alternative minimum tax in the amount of such excess; i.e., $6,196.43 less $5,111, or $1,085.43.

Petitioners do not challenge the mechanics of the foregoing computation. Rather, petitioners contend that they are not liable for the alternative minimum tax for two independent reasons. First, petitioners contend that the elimination of personal exemptions under the alternative minimum tax adversely affects large families and results in an application of the alternative minimum tax that is contrary to congressional intent. In this regard, petitioners argue that legislative history demonstrates that the alternative minimum tax was intended to limit items of tax preference, not personal exemptions.

Second, petitioners argue that the alternative minimum tax violates various constitutional rights, particularly the right to religious freedom.

A. Congressional Intent

We begin with petitioners' contention that they are not liable for the alternative minimum tax because such tax was not intended to apply to them. In this regard, petitioners emphasize that they did not have a single item of tax preference, and they

argue that they are being unfairly saddled with the alternative minimum tax simply because of the size of their family.

The clearest expression of legislative intent is found in the actual language used by Congress in enacting legislation. As the Supreme Court has stated, "There is * * * no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." United States v. American Trucking Associations, Inc., 310 U.S. 534, 543 (1940); see Rath v. Commissioner, 101 T.C. 196, 200 (1993) (controlling effect will generally be given to the plain language of a statute, unless to do so would produce absurd or futile results). Again as the Supreme Court has stated:

> in the absence of a clearly expressed legislative intention to the contrary, the language of the statute itself must ordinarily be regarded as conclusive. Unless exceptional circumstances dictate otherwise, when we find the terms of a statute unambiguous, judicial inquiry is complete. [Burlington N. R.R. Co. v. Oklahoma Tax Commn., 481 U.S. 454, 461 (1987); citations and internal quotation marks omitted.]

Accordingly, where, as here, a statute appears to be clear on its face, unequivocal evidence of a contrary purpose must be demonstrable if we are to construe the statute so as to override the plain meaning of the words used therein. Estate of Owen v. Commissioner, 104 T.C. 498, 507-508 (1995), and cases cited therein; Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984).

"The statutory scheme governing the imposition and computation of the alternative minimum tax is clear and precise,

and leaves, on these facts, no room for interpretation." Okin v. Commissioner, T.C. Memo. 1985-199, affd. per curiam 808 F.2d 1338 (9th Cir. 1987).  Thus, there is no justification, in the instant case, to ignore the plain language of the statute, particularly where, as here, "we have a complex set of statutory provisions marked by a high degree of specificity."  Huntsberry v. Commissioner, supra at 748.

The alternative minimum tax serves to impose a tax whenever the sum of specified percentages of the excess of alternative minimum taxable income over the applicable exemption amount exceeds the regular tax for the taxable year.  Sec. 55(a), (b)(1)(A), (c), (d)(1); cf. Huntsberry v. Commissioner, supra at 744.  "Alternative minimum taxable income" essentially means the taxpayer's taxable income for the taxable year determined with the adjustments provided in section 56 and increased by the amount of items of tax preference described in section 57.

In Huntsberry v. Commissioner, supra, we held that tax preferences are a significant, but not necessarily an indispensable component, of "alternative minimum taxable income". Accordingly, the taxpayers in that case were held liable for the alternative minimum tax computed in accordance with the specific provisions of section 55, notwithstanding the fact that the taxpayers did not have any items of tax preference for the taxable year in issue.  The same result applies in the present case.

If Congress had intended to tax only tax preferences, it would have defined "alternative minimum taxable income" differently, for example, solely by reference to items of tax preference. Instead, Congress provided for a tax measured by a broader base, namely, alternative minimum taxable income, in which tax preferences are merely included as potential components.

The foregoing analysis leads to the conclusion that the alternative minimum tax is triggered by a number of factors, including the value of personal exemptions claimed on a taxpayer's return, and that respondent correctly determined such tax on the facts of this case. Accordingly, because we can understand and apply the plain meaning of unambiguous statutory text, we need not defer to legislative history. See Calvert Anesthesia Associates v. Commissioner, 110 T.C. 285, 289 (1998); see also Huntsberry v. Commissioner, supra at 745-746 ("there is no solid basis in the legislative history or otherwise for refusing to apply section 55 as written").

B. Constitutional Considerations

Having thus decided that the alternative minimum tax is otherwise applicable on the facts of this case, we turn now to petitioners' contention that such tax unconstitutionally inhibits the free exercise of religion.

Cases have held that the usual presumption of constitutionality is particularly strong in the case of a revenue

measure.  Black v. Commissioner, 69 T.C. 505 (1977).  The constitutionality of the alternative minimum tax has previously been upheld by the courts.  E.g., Graff v. Commissioner, 74 T.C. 743, 767 (1980) (and cases cited therein), affd. per curiam 673 F.2d 784 (5th Cir. 1982); see Wallach v. United States, 800 F.2d 1121 (Fed. Cir. 1986); Wyly v. United States, 662 F.2d 397, 403-406 (5th Cir. 1981); Christine v. Commissioner, T.C. Memo. 1993-473; Okin v. Commissioner, supra.

Absent clear evidence to the contrary, we are reluctant to hold that the alternative minimum tax infringes on a taxpayer's personal religious beliefs.  "The fact that a law with a secular purpose may have the effect of making the observance of some religious beliefs more expensive does not render the statute unconstitutional under the First Amendment."  Black v. Commissioner, supra at 510 (citing Braunfeld v. Brown, 366 U.S. 599, 605-607 (1961)).  Moreover, we conclude, as in Black, that "religious beliefs have consistently been held not to furnish a basis for complaint about our tax system, at least where the statutory provision attacked is not specifically based, or cannot be shown to be based, upon a classification grounded on religion."  Black v. Commissioner, supra at 510, and cases cited therein; see Adams v. Commissioner, 110 T.C. 137, 139 (1998) ("the Supreme Court has established that uniform, mandatory participation in the Federal income tax system, irrespective of

religious belief, is a compelling governmental interest"); see also <u>Bob Jones Univ. v. United States</u>, 461 U.S. 574, 603 (1983).

In the present case, the alternative minimum tax is not based upon "a classification grounded on religion." Rather, the statute demonstrates that such tax is triggered by the value of deductions and exemptions claimed, the disallowance of which is unrelated to a taxpayer's religious beliefs. Cf. <u>Commissioner v. Sullivan</u>, 356 U.S. 27, 28 (1958); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934) (deductions are a matter of legislative grace; accordingly, the decision whether to permit particular deductions and under what circumstances lies within the discretion of Congress). Consequently, we do not agree that the alternative minimum tax unconstitutionally inhibits the free exercise of petitioners' religion.

## C. <u>Conclusion</u>

In view of the foregoing, we hold that petitioners are liable for the alternative minimum tax. Accordingly, we sustain respondent's determination of the deficiency in income tax.

Absent some constitutional defect, we are constrained to apply the law as written, see <u>Estate of Cowser v. Commissioner</u>, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983), and we may not rewrite the law because we may deem its effects susceptible of improvement; see <u>Commissioner v. Lundy</u>, 516 U.S. 235, 252 (1996), (quoting <u>Badaracco v. Commissioner</u>, 464 U.S. 386, 398 (1984)). Accordingly,

petitioners' appeal for relief must, in this instance, be addressed to their elected representatives.

To reflect our disposition of the disputed issue, as well as respondent's concession,

<u>Decision will be entered for respondent as to the deficiency in income tax and for petitioners as to the addition to tax.</u>