T.C. Summary Opinion 2001-77

UNITED STATES TAX COURT


EDWARD A. BIRTS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3914-00S.                    Filed June 4, 2001.


Edward A. Birts, pro se.

Marilyn S. Ames, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 1997, the taxable year in issue.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1997 in the amount of $2,982. The deficiency is attributable solely to the alternative minimum tax prescribed by section 55.

The issue for decision is whether petitioner is liable for alternative minimum tax. We hold that he is.

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Houston, Texas, at the time that his petition was filed with the Court.

Petitioner filed a Federal income tax return, Form 1040, for 1997. On his return, petitioner listed his filing status as married filing separately, and he claimed deductions for two personal exemptions. Petitioner reported adjusted gross income (AGI) in the amount of $37,850, consisting solely of wages from employment.

In addition, petitioner itemized deductions on Schedule A. In this regard, petitioner claimed total deductions in the amount of $28,403, consisting of charitable contributions in the amount of $1,500 and miscellaneous itemized deductions (in the form of unreimbursed employee expenses) in the net amount of $26,903, calculated as follows:

| Miscellaneous itemized deductions (Unreimbursed employee expenses) | $27,660 |
|---|---|
| Less: 2% AGI | -757 |
| Net amount | 26,903 |

After taking into account itemized deductions and personal exemptions, petitioner reported taxable income in the amount of $4,147. Using the tax table prescribed by section 3 for individuals, petitioner reported tax in the amount of $619.

Petitioner did not attach Form 6251, Alternative Minimum Tax-Individuals, to his 1997 return, nor did petitioner report any liability for alternative minimum tax on his return.

In October 1999, respondent issued a notice of deficiency to petitioner for the taxable year 1997. In the notice, respondent did not disallow any of the itemized deductions or personal exemptions claimed by petitioner on his return. Rather, respondent determined that petitioner is liable for alternative minimum tax, as prescribed by section 55, in the amount of $2,982.

Petitioner filed a petition contesting respondent's deficiency determination. In the petition (as well as at trial), petitioner contends that he is not the type of person who should be liable for alternative minimum tax.

Discussion

Deferring for the moment the fundamental issue whether petitioner is liable for alternative minimum tax, the following computation shows the proper amount of such tax:

I.  Individual Income Tax Return - Form 1040

|  | |
|---|---:|
| Adjusted Gross Income (Form 1040, lines 32/33 | $37,850 |
| Less: Itemized Deductions (Schedule A) | -28,403 |
| Balance (Form 1040, Line 36) | 9,447 |
| Less: Exemptions (Form 1040, Line 37) | -5,300 |
| Taxable Income (Form 1040, Line 38) | 4,147 |
| Tax (secs. 1(d), 3(c)) | 619 |
| Regular Tax (secs. 26(b)(1), (2)(A), 55(c)(1)) | 619 |

II. Itemized Expenses - Schedule A

|  | |
|---|---:|
| Charitable Contributions | $1,500 |
| Miscellaneous itemized deductions (Unreimbursed employee expenses) | +26,903 |
| Total Itemized Deductions | 28,403 |

III. Alternative Minimum Taxable Income

|  | |
|---|---:|
| Taxable Income (Form 1040, line 38) | $ 4,147 |
| Adjustments | |
|    Miscellaneous itemized deductions (Unreimbursed employee expenses) | +26,903 |
|    Exemptions | +5,300 |
| Balance | 36,350 |
| Plus: Items of Tax Preference | -0- |
| Alternative Minimum Taxable Income | 36,350 |

IV. Alternative Minimum Tax

|  | |
|---|---:|
| Alternative Minimum Taxable Income | $36,350 |
| Less: Exemption Amount | -22,500 |
| Taxable Excess | 13,850 |
| Times: applicable AMT rate | x 26% |
| Tentative Minimum Tax | 3,601 |
| Less: Regular Tax | -619 |
| Alternative Minimum Tax | 2,982 |

Our analysis necessarily begins with section 55, the section of the Internal Revenue Code that imposes the alternative minimum tax.  Initially, we note that the alternative minimum tax is

imposed in addition to the "regular tax" and that the regular tax is, as relevant herein, the income tax computed on taxable income by reference to the pertinent tax table. Sec. 55(a), (c)(1); see also sec. 26(b)(1), (2)(A). In petitioner's case, the regular tax is $619.

Pursuant to section 55(a), the alternative minimum tax is the difference between the "tentative minimum tax" and the regular tax. In the case of a married individual who files a separate return, and as relevant herein, the tentative minimum tax is 26 percent of the excess of a taxpayer's "alternative minimum taxable income" over an exemption amount of $22,500.[2] See sec. 55(b)(1)(A), (b)(2), (d)(1)(C)(i).

Section 55(b)(2) defines the term "alternative minimum taxable income". As relevant herein, the term "alternative minimum taxable income" means the taxpayer's taxable income for the taxable year determined with the adjustments provided in section 56 and increased by the amount of items of tax preference

---

[2] In the case of a married individual who files a joint return with his or her spouse, the exemption amount is $45,000. See sec. 55(d)(1)(A)(i). It is possible, therefore, that petitioner might not have been liable for alternative minimum tax if he had filed a joint return with his spouse. However, sec. 6013(b)(2)(B) precludes the filing of a joint return after a taxpayer files a separate return if the taxpayer files a timely petition with this Court in respect of a notice of deficiency for the year for which the notice is issued. Notwithstanding this limitation, respondent offered to settle the present case on a "deemed filed" basis; however, petitioner and/or petitioner's spouse declined the offer.

described in section 57.  Petitioner had no items of tax preference in 1997.  Accordingly, alternative minimum taxable income means petitioner's taxable income determined with the adjustments provided in section 56.

Petitioner's taxable income for 1997 was $4,147, the amount reported on line 38 of Form 1040.

As relevant herein, the adjustments provided in section 56(b) are twofold.  First, section 56(b)(1)(A)(i) states that no deduction shall be allowed for any miscellaneous itemized deduction as defined in section 67(b), such as unreimbursed employee expenses, in computing alternative minimum taxable income.  Second, section 56(b)(1)(E) states that no personal exemptions shall be allowed in computing alternative minimum taxable income.

The effect of section 56(b)(1)(A)(i) and (b)(1)(E) is to increase petitioner's taxable income by: (1) $26,903, the amount claimed on petitioner's Schedule A for miscellaneous itemized deductions (i.e., unreimbursed employee expenses); and (2) $5,300, the amount claimed on petitioner's Form 1040 for personal exemptions.

After taking into account the foregoing two adjustments, petitioner's alternative minimum taxable income for 1997 equals $36,350.  Alternative minimum taxable income exceeds the applicable exemption amount of $22,500 by $13,850.  See sec.

55(d)(1)(C)(i).  Petitioner's "tentative minimum tax" is therefore 26 percent of the excess, or $3,601.  Sec. 55(b)(1)(A)(i)(I), (iii).  Because petitioner's tentative minimum tax exceeds the regular tax of $619, petitioner is liable for the alternative minimum tax in the amount of such excess; i.e., $3,601 less $619, or $2,982.  See sec. 55(a).

Petitioner does not challenge the mechanics of the foregoing computation.  Rather, petitioner contends that the alternative minimum tax was not meant to apply to him because he is not wealthy and had no items of tax preference.

The clearest expression of legislative intent is found in the actual language used by Congress in enacting legislation.  As the Supreme Court has stated:  "There is * * * no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."  United States v. American Trucking Associations, Inc., 310 U.S. 534, 543 (1940); see Rath v. Commissioner, 101 T.C. 196, 200 (1993) (controlling effect will generally be given to the plain language of a statute, unless to do so would produce absurd or futile results).  Again as the Supreme Court has stated:

> in the absence of a clearly expressed legislative
> intention to the contrary, the language of the statute
> itself must ordinarily be regarded as conclusive.
> Unless exceptional circumstances dictate otherwise,
> when we find the terms of a statute unambiguous,
> judicial inquiry is complete. [Burlington N. R.R. Co.
> v. Oklahoma Tax Commn., 481 U.S. 454, 461 (1987);
> citations and internal quotation marks omitted.]

"The statutory scheme governing the imposition and computation of the alternative minimum tax is clear and precise, and leaves, on these facts, no room for interpretation." Okin v. Commissioner, T.C. Memo. 1985-199, affd. per curiam 808 F.2d 1338 (9th Cir. 1987). Thus, there is no justification, in the instant case, to ignore the plain language of the statute, particularly where, as here, "we have a complex set of statutory provisions marked by a high degree of specificity." Huntsberry v. Commissioner, 83 T.C. 742, 748 (1984).

The alternative minimum tax serves to impose a tax whenever the sum of specified percentages of the excess of alternative minimum taxable income over the applicable exemption amount exceeds the regular tax for the taxable year. See sec. 55(a), (b)(1)(A), (c), (d)(1); cf. Huntsberry v. Commissioner, supra at 744. "Alternative minimum taxable income" essentially means the taxpayer's taxable income for the taxable year determined with the adjustments provided in section 56 and increased by the amount of items of tax preference described in section 57.

In Huntsberry v. Commissioner, supra, we held that tax preferences are a significant, but not necessarily an indispensable, component of alternative minimum taxable income. Accordingly, the taxpayers in that case were held liable for the alternative minimum tax computed in accordance with the specific provisions of section 55, notwithstanding the fact that the

taxpayers did not have any items of tax preference for the taxable year in issue.  See Klaassen v. Commissioner, T.C. Memo. 1998-241, affd. without published opinion 182 F.3d 932 (10th Cir. 1999).  The same result applies in the present case.

If Congress had intended to tax only tax preferences, it would have defined "alternative minimum taxable income" differently, for example, solely by reference to items of tax preference.  Instead, Congress provided for a tax measured by a broader base, namely, alternative minimum taxable income, in which tax preferences are merely included as potential components.

Absent some constitutional defect, we are constrained to apply the law as written, see Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983), and we may not rewrite the law because we may "deem its effects susceptible of improvement", Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (quoting Badaracco v. Commissioner, 464 U.S. 386, 398 (1984)).  Accordingly, petitioner's appeal for relief must, in this instance, be addressed to his elected representatives.  "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here."  Hays Corp. v. Commissioner, 40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).

In view of the foregoing, we hold that petitioner is liable for the alternative minimum tax.

Reviewed and adopted as the report of the Small Tax Case Division.

In order to reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.