T.C. Summary Opinion 2004-12


UNITED STATES TAX COURT


HELEN GUTERMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15780-02S.              Filed February 9, 2004.


Helen Guterman, pro se.

<u>Frank J. Jackson</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $4,255 in petitioner's 1999 Federal income tax. This Court must decide whether a deduction allowed under section 216 for real estate taxes paid in connection with a cooperative housing corporation is an adjustment for purposes of the alternative minimum tax (AMT).

This case was submitted fully stipulated pursuant to Rule 122. All of the facts stipulated are so found. Petitioner resided in New York, New York, at the time she filed her petition. Section 7491 does not apply because this case involves a legal issue.

During taxable year 1999, petitioner was a tenant-shareholder of a cooperative housing corporation. In connection with the cooperative housing corporation, petitioner was entitled to deduct real estate taxes in the amount of $13,092 as her proportionate share of such taxes paid by the cooperative. Petitioner deducted this amount on Schedule A, Itemized Deductions, as "Co-op Real Estate Taxes" under "Other Miscellaneous Deductions". Petitioner did not include the $13,092 as an adjustment for taxes on the Form 6251, Alternative Minimum Tax - Individuals, attached to her return.

Respondent contends that the amount at issue was improperly characterized as a miscellaneous deduction but that regardless where deducted on Schedule A, a deduction allowed under section 216 for real estate taxes paid in connection with a cooperative

housing corporation is an adjustment for purposes of computing the AMT.  Thus, respondent recalculated and increased petitioner's AMT in the amount of $4,255.

Section 216 allows a tenant-stockholder to deduct amounts (not otherwise deductible) paid or accrued to a cooperative housing corporation within the taxable year, to the extent that such amounts represent the tenant-stockholder's proportionate share of the real estate taxes allowable as a deduction to the corporation under section 164.  Sec. 216(a)(1); sec. 1.216-1(a)(1), Income Tax Regs.  Section 164 allows a deduction for real property taxes paid or accrued within the taxable year.  Sec. 164(a)(1); sec. 1.164-1(a)(1), Income Tax Regs.

Section 55 imposes an alternative minimum tax (AMT) on taxpayers, in addition to any other income tax imposed.  An individual's AMT is determined by a recomputation of the individual's taxable income, which results in a new tax base, the AMT income.  Sec. 55(b)(2).  In determining the AMT income, certain adjustments are required and no deduction is allowed for any miscellaneous itemized deduction (as defined in section 67(b)), or for any taxes described in section 164(1), (2), or (3), except for a non-pertinent exception.  Sec. 56(b)(1)(A).

We have held previously that the text of the AMT statute is unambiguous.  Klaassen v. Commissioner, T.C. Memo. 1998-241, affd. without published opinion 182 F.3d 932 (10th Cir. 1999).

It is clear from section 56(b)(1)(A)(ii) that the deduction allowed for real estate taxes paid is an adjustment for purposes of calculating AMT income.  Section 216(a)(1) incorporates by reference section 164, and section 164 is specifically enumerated as an adjustment under section 56(b)(1)(A)(ii).  Accordingly, we sustain respondent's determination.

Petitioner also contends that she was entitled to claim the deduction allowed under section 216 as a miscellaneous deduction. Section 67(b)(2) and (12), respectively, exclude from miscellaneous itemized deductions "the deduction under section 164 (relating to taxes)" and "the deduction under section 216 (relating to deductions in connection with cooperative housing corporations)."  Because section 67(b)(12) specifically excludes any section 216 deduction from miscellaneous itemized deductions, petitioner improperly characterized that deduction as a miscellaneous deduction.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.