T.C. Summary Opinion 2006-67


UNITED STATES TAX COURT


GREGORY C. AND KRISTINE J. SCHICK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2078-05S.                    Filed April 26, 2006.


Gregory C. Schick, pro se.

Margaret Martin, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined that petitioners are liable for a deficiency in Federal income tax of $7,364 for the 2003 taxable year. The issue for decision is whether, in the context of respondent's motion for summary judgment, petitioners are liable for the alternative minimum tax (sometimes referred to as AMT) for the 2003 taxable year.

## Background

At the time the petition was filed petitioners resided in Concord, California.

Petitioners timely filed a Form 1040, U.S. Individual Income Tax Return, for the 2003 taxable year (2003 income tax return). Petitioners reported wages of $323,498. Petitioners claimed personal exemptions for themselves. Some of petitioners' claimed itemized deductions on Schedule A were as follows:

| | |
|---|---|
| State and local income taxes | $39,189 |
| Real estate taxes | 4,935 |
| Personal property taxes | 230 |

On line 40 of Form 1040, petitioners reported taxable income of $270,521, and on line 41 of Form 1040, petitioners reported a tax of $70,717. Petitioners did not report an AMT on their 2003 income tax return.

In the notice of deficiency, respondent determined that petitioners were liable for an AMT of $7,364 for the 2003 taxable year.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

The Commissioner's determination is presumed correct, and generally, a taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[1]

Section 55 imposes, in addition to all other taxes imposed by subtitle A, an AMT on noncorporate taxpayers. The determination of a noncorporate taxpayer's AMT requires a

---

[1] The burden as to a factual issue relevant to the liability for tax may shift to the Commissioner if certain requirements are fulfilled. Sec. 7491(a). In the present case there is no dispute of fact. Since we decide this case on the legal issue, any issue as to the burden of proof is not relevant.

recomputation of taxable income, leading to a new tax base or an alternative minimum taxable income. Sec. 55(b)(2). In making the recomputation, and as relevant herein, certain (but not all) itemized deductions are not allowed, nor is the personal exemption. In particular, section 56(b)(1)(A)(ii) states that no itemized deduction for State and local taxes shall be allowed in computing alternative minimum taxable income. Further, section 56(b)(1)(E) states that no personal exemptions shall be allowed in computing alternative minimum taxable income. Finally, section 56(b)(1)(F) states that section 68 (overall limitation on itemized deductions) does not apply, therefore decreasing taxable income by the amount of the section 68 reduction to itemized deductions.

Petitioners do not dispute the computation of the AMT as determined by respondent. Petitioners nevertheless contend that the AMT is confusing and complex, and they are unclear as to why they are liable for the AMT, which effectively deprives them of the benefit of some itemized deductions. Petitioners also make reference to recent proposals by Congress to repeal or modify the AMT and criticism of the AMT by the National Taxpayer Advocate.

Congress established the alternative minimum taxable income as a broad base of income in order to tax taxpayers more closely on their economic income, intending for all taxpayers to pay their fair share of the overall Federal income tax burden. Allen

v. Commissioner, 118 T.C. 1, 5 (2002). The alternative minimum tax serves to impose a tax whenever the sum of specified percentages of the excess of alternative minimum taxable income over the applicable exemption amount exceeds the regular tax for the taxable year. Sec. 55; Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984). In Huntsberry, we held that tax preferences are a significant, but not necessarily an indispensable component, of alternative minimum taxable income. Thus, the taxpayers in that case were subject to the AMT although they did not have any tax preference items. See also Klaassen v. Commissioner, T.C. Memo. 1998-241, affd. without published opinion 182 F.3d 932 (10th Cir. 1999).

We are not unsympathetic to petitioners' position. There have been proposals of some in Congress to change the law, and further there have been well-intended criticisms by some relating to the unintended effects of the provisions of the AMT. In Speltz v. Commissioner, 124 T.C. 165, 176 (2005), we stated:

> The unfortunate consequences of the AMT in various circumstances have been litigated since shortly after the adoption of the AMT. In many different contexts, literal application of the AMT has led to a perceived hardship, but challenges based on equity have been uniformly rejected. [Citations omitted.]

However unfair this statute might seem to petitioners, the Court must apply the law as written. As this Court noted in Hays Corp. v. Commissioner, 40 T.C. 436, 443 (1963), affd. 331 F.2d

422 (7th Cir. 1964): "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here."

Based on the foregoing, we are satisfied that respondent is entitled to a judgment in his favor as a matter of law, and respondent's motion for summary judgment will be granted.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order granting respondent's motion and decision for respondent will be entered</u>.